STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert H. LANDRUM, Defendant-Appellant.†

Court of Appeals

*No. 94–0808–CR. Submitted on briefs November 8, 1994.—Decided January 12, 1995.*

(Also reported in 528 N.W.2d 36.)

†Petition to review denied.

109

For the defendant-appellant the cause was submitted on the briefs of *Richard E. Hemming* of *Consigny, Andrews, Hemming & Grant, S.C.* of Janesville.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general and *Mary E. Burke*, assistant attorney general.

Before Gartzke, P.J., Dykman and Vergeront, JJ.

VERGERONT, J. Robert Landrum appeals from a judgment convicting him of two counts of sexual contact with a child under the age of thirteen, in violation of § 948.02(1), STATS. The issue is whether the trial court erred in admitting evidence of a sex crime for which the defendant had been tried and acquitted. We conclude that admission of the evidence did not violate Landrum's constitutional rights and was not an erroneous exercise of the trial court's discretion. Accordingly, we affirm.

## I. BACKGROUND

Landrum was charged with having sexual contact with Tammy E., a nine-year-old friend of his daughter's, on two occasions on or about October 16 and 17, 1989. At trial, Lisa W., another friend of Landrum's daughter, testified that Landrum had fondled her on or about September 8, 1990, when she was ten years old. Landrum had been charged and acquitted of having sexual contact with Lisa W. The trial court allowed Lisa W.'s testimony, over Landrum's objection, for the limited purpose of proving a motive, opportunity, intent, preparation or plan under § 904.04(2), STATS.[1]

---

[1] Section 904.04(2), STATS., provides in relevant part:

The trial court instructed the jury before and after the admission of Lisa W.'s testimony that the defendant had been acquitted of the charges regarding Lisa W. and that the jury could consider her testimony only "[i]f you can reasonably conclude that L.M.W. was assaulted and that the defendant committed the alleged assault for which he was found not guilty." The court instructed the jury that it could consider such evidence only for the limited purpose of evidencing a plan, preparation, intent, opportunity or motive of the defendant, and the court provided the jury with definitions of those terms. The court also explained to the jury that it could not consider the testimony to conclude that the defendant had a certain character or character trait and that the defendant acted in conformity with that character or character trait with respect to the offense charged.

The jury found Landrum guilty on both counts. The trial court entered a judgment of conviction from which Landrum appeals.

## II. STANDARD OF REVIEW

Landrum challenges the admission of Lisa W.'s testimony both as a violation of constitutional law and as an improper application of §§ 904.04(2) and 904.03, STATS.

The trial court's findings of evidentiary or historical fact relevant to whether a constitutional violation.

---

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. This subsection does not exclude the evidence when offered for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

has occurred will not be overturned unless they are clearly erroneous. *Farrell v. John Deere Co.*, 151 Wis. 2d 45, 62, 443 N.W.2d 50, 55 (Ct. App. 1989). However, the application of constitutional principles to the facts of a case is subject to independent appellate review. *Id.*

Subject to principles of constitutional law, the admission of evidence is a matter within the discretion of the trial court. *State v. Clark*, 179 Wis. 2d 484, 490, 507 N.W.2d 172, 174 (Ct. App. 1993). We will not disturb an evidentiary ruling where the trial court has exercised its discretion in accordance with accepted legal standards and the facts of record. *Id.*

## III. FIFTH AMENDMENT

Landrum argues that Lisa W.'s testimony was inadmissible under both the collateral estoppel component of the double jeopardy clause and the due process clause of the Fifth Amendment of the United States Constitution. We reject both arguments in light of *Dowling v. United States*, 493 U.S. 342 (1990).

In *Dowling*, the defendant was charged with a bank robbery in which the robber wore a ski mask and displayed a small handgun. At trial, the prosecution introduced the testimony of a witness regarding a break-in of her home which occurred several weeks after the bank robbery. According to the witness, the defendant entered her home wearing a mask and carrying a small handgun. The witness testified that she had unmasked the intruder during the break-in and identified Dowling as the intruder. Prior to the bank robbery trial, Dowling had been tried and acquitted of the offenses arising out of the break-in. The prosecution introduced this testimony, over Dowling's objection, to strengthen the identification of Dowling as

114

the bank robber. Following his conviction, Dowling argued that the witness's testimony was inadmissible under the double jeopardy and due process clauses of the Fifth Amendment of the United States Constitution. The United States Supreme Court rejected both arguments.

On the double jeopardy issue, the Court stated that the double jeopardy clause incorporates the doctrine of collateral estoppel. The Court defined the doctrine of collateral estoppel as providing that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Dowling*, 493 U.S. at 347 (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)). The Court then held that the doctrine of collateral estoppel did not apply for two reasons. First, the prior acquittal did not determine an ultimate issue in the bank robbery trial. *Id.* at 348. Second, although Dowling's acquittal may have established a reasonable doubt as to whether Dowling committed the break-in, the prosecution was not required to demonstrate that Dowling had committed the break-in beyond a reasonable doubt. *Id.* at 348. Under Rule 404(b) of the Federal Rules of Evidence, other act evidence is relevant if the jury can reasonably conclude that the act occurred and that the defendant was the actor.[2] *Id.* at 348. Because a jury could reasonably conclude that Dowling committed the break-in,

---

[2] Federal Rule of Evidence 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during

even if it did not believe so beyond a reasonable doubt, the collateral estoppel component of the double jeopardy clause was inapposite. *Id.* at 348-49.

On the due process issue, the Court recognized that the introduction of the witness's testimony had the potential to prejudice the jury or unfairly force the defendant to spend time and money relitigating matters already considered at the first trial. *Dowling*, 493 U.S. at 352. However, according to the Court, the question was whether the introduction of this type of evidence "is so extremely unfair that its admission violates 'fundamental conceptions of justice.' " *Id.* at 352 (quoting *United States v. Lovasco*, 431 U.S. 783, 790 (1977)). The Court explained that beyond the specific guarantees enumerated in the Bill of Rights, the due process clause has limited operation and that the category of infractions that violate the "fundamental fairness" test of the due process clause has been defined very narrowly. *Id.* at 352. The Court then concluded,

> Especially in light of the limiting instructions provided by the trial judge, we cannot hold that the introduction of Henry's testimony merits this kind of condemnation. Plainly Henry's testimony was at least circumstantially valuable in proving petitioner's guilt.

*Dowling*, 493 U.S. at 353.

■

Applying *Dowling* to the present case, Landrum's double jeopardy argument must be rejected. First, Landrum's acquittal in the Lisa W. case did not determine an ultimate issue of fact in the Tammy E. case. *Accord*

trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

*State v. Feela*, 101 Wis. 2d 249, 263, 304 N.W.2d 152, 159 (Ct. App. 1981) (notwithstanding collateral estoppel, a previously litigated ultimate issue is admissible as an evidentiary fact in a subsequent trial), *habeas corpus denied sub nom. Sabin v. Israel*, 554 F. Supp. 390 (E.D. Wis. 1983), *aff'd in part, rev'd in part sub nom. Feela v. Israel*, 727 F.2d 151 (7th Cir. 1984). Second, although we will assume that Landrum's acquittal established that there was a reasonable doubt as to whether Landrum had sexual contact with Lisa W., the State did not have to demonstrate that Landrum had sexual contact with Lisa W. beyond a reasonable doubt in order to introduce Lisa W.'s testimony in the second trial. Under § 904.04(2), STATS., evidence of other acts is admissible if the evidence is such that a reasonable jury could find by a preponderance of the evidence that the defendant committed the other act. *State v. Schindler*, 146 Wis. 2d 47, 53-55, 429 N.W.2d 110, 112-14 (Ct. App. 1988) (citing *Huddleston v. United States*, 485 U.S. 681, 685 (1988)).[3] Because a reasonable jury could find by a preponderance of the evidence that Landrum had sexual contact with Lisa W., the collateral estoppel component of the double jeopardy clause does not apply.

We also reject Landrum's due process argument in light of *Dowling*. Landrum argues that the admission of other act evidence is fundamentally unfair because it places a defendant in the position of having to relitigate an issue that has already been decided. The *Dowling* court recognized that the admission of other

[3] Although in *Huddleston* the Court addressed Federal Rule of Evidence 404(b), we have stated that § 904.04(2), STATS., is identical in meaning to Federal Rule of Evidence 404(b). *State v. Schindler*, 146 Wis. 2d 47, 53, 429 N.W.2d 110, 112-13 (Ct. App. 1988).

117

act evidence has the potential to unfairly force the defendant to spend time and money relitigating matters considered at the first trial, but disposed of this argument by holding that the defendant's interest is adequately protected by the double jeopardy clause. *Dowling*, 493 U.S. at 354.

Landrum also equates his acquittal with innocence and asserts that it is fundamentally unfair for the State to later argue that he is not innocent of the crime involving Lisa W. *Dowling*, however, made clear that an acquittal only establishes that there was a reasonable doubt in the jury's mind as to whether the defendant committed the prior crime, not that the defendant is innocent. *Dowling*, 493 U.S. at 349.

Finally, Landrum argues that "allowing the State to introduce the testimony of L.M.W. at this lesser burden in a criminal trial is contrary to the long established rule that the State must prove the defendant's guilt 'beyond a reasonable doubt.' " However, Lisa W.'s testimony was not introduced to establish Landrum's criminal liability regarding his alleged sexual contact with Lisa W., but for the limited purpose of establishing motive, intent, opportunity, preparation or plan in his trial regarding Tammy E. We conclude that the introduction of Lisa W.'s testimony did not violate the fundamental fairness test of the due process clause.

## IV. WISCONSIN RULES OF EVIDENCE

In deciding whether to admit other act evidence, the trial court must apply a two-part test. *State v. Kuntz*, 160 Wis. 2d 722, 746, 467 N.W.2d 531, 540

(1991), *habeas corpus denied sub nom. Kuntz v. McCaughtry*, 806 F. Supp. 1373 (E.D. Wis. 1992). The trial court must first determine whether the evidence is offered for a purpose permissible under § 904.04(2), STATS. *Id.* If the trial court finds that it is, the trial court must then determine whether the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to the defendant. *Id.*; § 904.03, STATS.[4] A question implicit within the two-part test is whether the other act evidence is relevant to an issue in the case. *State v. Johnson*, 184 Wis. 2d 324, 337, 516 N.W.2d 463, 466-67 (Ct. App. 1994). We allow a greater latitude of proof regarding other act evidence in sex crime cases, particularly those involving a minor child. *State v. Parr*, 182 Wis. 2d 349, 360, 513 N.W.2d 647, 650 (Ct. App. 1994).

The trial court allowed Lisa W.'s testimony, over Landrum's objection, for the limited purpose of proving a motive, opportunity, intent, preparation or plan under § 904.04(2), STATS. Landrum does not argue that Lisa W.'s testimony was not admitted under one of the exceptions listed in § 904.04(2). Rather, he contends that the evidence of his alleged sexual contact with Lisa W. was not relevant because a reasonable jury could not find that he committed the other act when he had been acquitted of that other act.

Under § 904.04(2), STATS., other act evidence is relevant if a reasonable jury could find by a

---

[4] Section 904.03, STATS., provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

preponderance of the evidence that the defendant committed the other act. *Schindler*, 146 Wis. 2d at 53-55, 429 N.W.2d at 112-14. The jury verdict in the criminal case regarding Lisa W. did not negate the possibility that a reasonable jury could find by a preponderance of the evidence that Landrum had sexual contact with Lisa W. An acquittal does not prove that the defendant is innocent; it merely proves the existence of a reasonable doubt as to his guilt. *Dowling*, 493 U.S. at 349. The difference in the burdens of proof allows a reasonable jury to find by a preponderance of the evidence that Landrum committed the other act, despite his acquittal.

■

We next consider whether the trial court erroneously exercised its discretion in concluding that the probative value of the evidence was not substantially outweighed by the prejudicial value of the evidence. *Kuntz*, 160 Wis. 2d at 746, 467 N.W.2d at 540. Probative value turns on the nearness in time, place and circumstances to the crime sought to be proved. *State v. Roberson*, 157 Wis. 2d 447, 456, 459 N.W.2d 611, 614 (Ct. App. 1990).

The sexual contact with Tammy E. occurred on or about October 16 and 17, 1989. The sexual contact with Lisa W. occurred on September 8, 1990. When examined in light of other cases involving other act evidence, the time interval of less than one year between acts is clearly not too great to be probative. *See Clark*, 179 Wis. 2d at 494-95, 507 N.W.2d at 176 (three years between prior act and crime charged); *State v. Plymesser*, 172 Wis. 2d 583, 596, 493 N.W.2d 367, 373 (1992) (thirteen years); *Kuntz*, 160 Wis. 2d at 747-48, 467 N.W.2d at 541 (sixteen years); *State v. Mink*, 146

Wis. 2d 1, 16, 429 N.W.2d 99, 105 (Ct. App. 1988) (twenty-two years).

Both incidents took place on Landrum's property. The sexual contacts with Tammy E. occurred in Landrum's living room, while the sexual contact with Lisa W. occurred in Landrum's garage. In *Mink*, the court found no fatal dissimilarity in the locations of sexual contacts when the contacts all occurred in the defendant's home. *Mink*, 146 Wis. 2d at 16, 429 N.W.2d at 105. In *State v. Fishnick*, 127 Wis. 2d 247, 378 N.W.2d 272 (1985), the court stated that two incidents occurring in the same trailer home park, either in or around the defendant's trailer, met the requirement of similarity in place. *Id.* at 261, 378 N.W.2d at 280.

Finally, the circumstances of the two incidents are substantially similar. Both of Landrum's victims were young girls. Tammy E. was nine and Lisa W. was ten at the time the sexual contacts with each occurred. Both girls were friends of Landrum's daughter. Both girls lived in the neighborhood, and both were sexually assaulted in a similar manner.[5] Both were allegedly told not to tell anyone of the sexual contact.

---

[5] Landrum points to a number of inconsistencies between Lisa W.'s testimony at Landrum's trial for sexual contact with Lisa W., and her testimony at Landrum's trial for sexual contact with Tammy E. He argues that "these inconsistencies were brought to the trial court's attention and should have been considered when weighing the probative value of the testimony." We reject this argument. The trial court did consider the inconsistencies in Lisa W.'s testimony and allowed Lisa W.'s testimony with several conditions. First, Landrum was permitted to use the trial transcript from his trial regarding Lisa W. for impeachment purposes. Second, the trial court instructed the members of the jury that they could consider the testimony

The probative value of the evidence must be weighed against its unfair prejudicial effect, if any. *Roberson*, 157 Wis. 2d at 456, 459 N.W.2d at 614. In the other act context, prejudice refers to the potential harm in a jury concluding that, because the defendant committed one bad act, the defendant necessarily committed the crime charged. *Id.* In this case, the trial court recognized the potential for prejudice and instructed the jury that Landrum had been acquitted and that the jury could not consider the testimony of Lisa W. to conclude that Landrum had a "certain character or a certain character trait and that the defendant acted in conformity with that trait or character with respect to the offense charged in this case." The delivery of a limiting instruction serves to eliminate or minimize the risk of unfair prejudice. *Parr*, 182 Wis. 2d at 361, 513 N.W.2d at 650.

Landrum argues that the trial court failed "to make the appropriate findings" with respect to the weighing of the probative value of Lisa W.'s testimony versus its unfair prejudicial effect. We reject this argument. The trial court reviewed the first part of the two-part test outlined in *State v. Mink*, 146 Wis. 2d 1, 429 N.W.2d 99 (Ct. App. 1988), and other cases, and concluded that Lisa W.'s testimony was admissible for the limited purpose of proving motive, opportunity, intent, preparation or plan under § 904.04(2), STATS. The trial

_____

for purposes of establishing motive, opportunity, intent, preparation or plan only if they could reasonably conclude that Landrum committed the crime of which he was acquitted. Finally, the trial court instructed the jury to scrutinize and weigh the testimony, and reminded the jury members that "[y]ou are the sole judges of credibility of the witnesses and of the weight and credit to be given to their testimony."

court then examined the testimony's probative value in terms of time, place and circumstances; recognized the testimony's prejudicial effect; asked the State to discuss whether the testimony's prejudicial effect outweighed the testimony's probative value; consulted the limiting jury instruction regarding other act evidence; considered whether "the prejudicial nature of the testimony would outweigh the probative value"; and decided to admit the testimony with a limiting jury instruction.

We conclude that the trial court applied the proper balancing test and did not erroneously exercise its discretion in admitting the testimony of Lisa W.

*By the Court.*—Judgment affirmed.