STATE of Wisconsin, Plaintiff-Respondent,

v.

Anthansiou C. KOURTIDIAS, a/k/a Anthansious C. Kourtidias, Defendant-Appellant. [Case No. 95–1073–CR]

STATE of Wisconsin, Plaintiff-Respondent,

v.

Anthansiou C. KOURTIDIAS, Defendant-Appellant. [Case No. 95–2500–CR]

Court of Appeals

*Nos. 95–1073–CR, 95–2500–CR. Submitted on briefs May 8, 1996.—Decided November 27, 1996.*

(Also reported in 557 N.W.2d 858.)

576

On behalf of the defendant-appellant, the cause was submitted on the briefs of *David M. Turim* of *Hickey & Turim* of Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James e. Doyle*, attorney general, and *Stephen W. Kleinmaier*, assistant attorney general.

Before Brown, Nettesheim and Snyder, JJ.

NETTESHEIM, J.   Anthansiou C. Kourtidias has been convicted of enticement of a child pursuant to § 948.07(3), STATS., and exposing his genitals to a

minor pursuant to § 948.10, STATS. He pled guilty to the exposure charge and the matter proceeded to jury trial on the enticement charge. The jury found Kourtidias guilty. On appeal, Kourtidias contends that the trial court erred by: (1) admitting "other acts" evidence, (2) allowing testimony concerning his parole status, (3) misinstructing the jury, and (4) misusing its sentencing discretion.

We reject all of Kourtidias's arguments, save one. We hold that the court erred by admitting evidence concerning Kourtidias's parole, but we also hold that the error was harmless. We therefore affirm the judgments of conviction and the order denying postconviction relief.

### FACTS

The matter proceeded to jury trial on the charge that Kourtidias attempted to entice the victim, Nicole H., into his vehicle while exposing his sex organ. Kourtidias's theory of defense was that, although he exposed his sex organ, he did not do so with the intent to entice her into his vehicle.

The evidence of Kourtidias's encounter with Nicole tracked the allegations of the criminal complaint. Nicole was playing with a friend in front of her house when she noticed a man, later identified as Kourtidias, driving a blue station wagon stop at the corner, drive a few feet and then stop again. Nicole stated that she went into her house and told her sister that a man was looking at her. When she returned outside to play, the man stopped in front of her house, rolled down the passenger window and said, "Is there any houses for sale." Nicole answered him and the man then asked her, "Do you think we could play sometime." When

Nicole approached the car she saw that the man had his pants pulled down and was masturbating.

Besides the foregoing evidence, the State introduced two lines of additional evidence. First, the State presented evidence of two prior similar incidents involving Kourtidias. One incident occurred in 1984, the other in 1988. The State also introduced a signed statement which Kourtidias gave to the police regarding the 1988 incident.

Second, the State introduced the testimony of Kourtidias's parole agent who testified that at the time of the charged incident Kourtidias was under parole supervision as a "high risk" sex offender, that he was under a "no contact with minors" order and that he knew a violation of the no contact order could result in the revocation of his parole. The court reasoned that this testimony was admissible because it established "the power of the motivation of the accused to commit the crime . . . ."

The jury found Kourtidias guilty of child enticement. After receiving the verdict, the trial court immediately sentenced Kourtidias as a repeat offender to three years of imprisonment on the exposure count to which Kourtidias had pled guilty. Later, the court sentenced Kourtidias to a consecutive ten-year sentence on the child enticement count. Still later, the court denied Kourtidias's motion for postconviction relief. Kourtidias appeals.

## DISCUSSION

Under the law governing other acts evidence, we will discuss not only the 1984 and 1988 prior incidents involving Kourtidias, but also the testimony of Kourtidias's parole officer. We appreciate that the parole

officer's testimony did not specifically detail any prior act by Kourtidias. Instead, the testimony dealt with Kourtidias's status as a parolee. Nonetheless, the obvious message conveyed by this evidence was that Kourtidias had engaged in prior similar criminal conduct. For that reason we will analyze the admissibility of this evidence under the law of "other acts." The trial court did likewise.

In reviewing the admissibility of evidence, the question is whether the trial court exercised its discretion in accordance with accepted legal standards and the facts of record. *State v. Kuntz,* 160 Wis. 2d 722, 745, 467 N.W.2d 531, 540 (1991). If there is a reasonable basis for the trial court's determination, a reviewing court will uphold the ruling. *Id.* at 745-46, 467 N.W.2d at 540. The admissibility of other acts evidence is controlled by a two-pronged test; the trial court must first determine whether the evidence is admissible under an exception to § 904.04(2), STATS. *Kuntz,* 160 Wis. 2d at 746, 467 N.W.2d at 540. If the evidence is admissible under one of the enumerated exceptions, the trial court must then consider whether the probative value of the evidence is outweighed by its prejudicial impact. *Id.*

## 1. The 1984 and 1988 Incidents

Regarding the 1984 incident, the State introduced the testimony of the victim that when she was fourteen years old, she was approached by Kourtidias in a vehicle as she was walking with a friend. Kourtidias asked her for directions. Because he spoke softly, she approached the car. She then saw that Kourtidias was exposing himself. After the incident, she and her friend continued walking home but Kourtidias "kept coming back around," and approached the girls again, asking if

they wanted a ride. The woman testified that she thought Kourtidias was trying to entice her into his car. As a result of this incident, Kourtidias was issued a municipal citation. The record, however, does not indicate the nature of the charge or the disposition of the case.

Regarding the 1988 incident, the State introduced the testimony of the victim who testified that when she was eleven years old, Kourtidias drove by her three times as she was walking. On the third pass, Kourtidias stopped his car and asked the victim if she wanted a ride. She declined the offer. She then observed Kourtidias pull up to two other girls and open the passenger door. She later reported this incident to the police. As a result of this incident, Kourtidias was convicted of enticing a child. The State also introduced a statement which Kourtidias gave to an investigating officer regarding this event.

█

The trial court determined that the probative value of these two prior acts outweighed their prejudicial effect. We agree. Kourtidias's theory of defense was that, despite his admitted exposure of his sex organ, he did not do so with intent to entice Nicole. We agree with the trial court that this other acts evidence was very relevant to this theory of defense. In addition, we observe that greater latitude is allowed as to other acts evidence in sex crimes cases. *State v. Friedrich*, 135 Wis. 2d 1, 20, 398 N.W.2d 763, 771 (1987).

█

We also note that the trial court cautioned the jury, both when the evidence was admitted and again in the final instructions, regarding the proper and limited use of this evidence. By delivering a cautionary instruction, the trial court can minimize or eliminate

the risk of unfair prejudice. *See State v. Landrum,* 191 Wis. 2d 107, 122, 528 N.W.2d 36, 42 (Ct. App.), *cert. denied,* 116 S. Ct. 142 (1995).

We conclude that the trial court properly exercised its discretion when admitting the other acts evidence.

From this, it logically follows that the trial court also properly admitted the signed statement that Kourtidias made to the police with regard to the 1988 incident.[1] Kourtidias contends that the statement was a "stream of consciousness" rambling unrelated to a particular event. Even though portions of the statement might be so described, we nonetheless conclude that the statement was relevant and highly probative. In the statement, Kourtidias admitted that, "If the girl would approach or enter the car, I would accept it, but ask her intentions. The girls usually don't enter my car, but my desire for them to do this is for raising my sexual experience. . . . This is the truth and my intentions."

As with the act itself, this admission was very relevant to Kourtidias's claim that he did not intend to entice Nicole into his vehicle. We conclude that Kourtidias's signed statement was admissible under § 904.04(2), STATS., and that its probative value outweighed any resulting prejudice. *See Kuntz,* 160 Wis. 2d at 746, 467 N.W.2d at 540.

---

[1] The statement was read at the trial by the detective who had questioned Kourtidias.

## 2. Parole Officer's Testimony

Kourtidias next claims the trial court erred when it allowed certain testimony from his parole officer.[2] We agree.

At a pretrial conference, the State requested that Kourtidias's parole officer be allowed to testify as to Kourtidias's parole status and that he was under a "no contact with minors" directive as a condition of parole.

The trial court granted the State's request using an "irresistible impulse" kind of logic. The court reasoned that the parole officer's testimony "would be probative of how powerful was [Kourtidias's] motivation to have contact with this young girl that he would risk probation revocation in order to do it." The court further opined that the probative value of the evidence would overcome any "modest" prejudicial impact.

Consistent with this ruling, the agent testified before the jury that he was assigned to handle high risk sex offender cases, that Kourtidias's case was classified as a high risk supervision and that a condition of Kourtidias's parole was that he have no contact with minors. In addition, the agent testified as to the consequences of violating a condition of parole.

In *State v. Ingram*, 204 Wis. 2d 177, 554 N.W.2d 833 (Ct. App. 1996), this court recently considered the admissibility of a defendant's parole status at the time of the alleged crime. We conducted that inquiry, in part, under the law of other acts. *See id.* at 182-91, 554 N.W.2d at 835-39. In *Ingram*, the defendant fled a police officer who was trying to stop him for a traffic violation. *Id.* 180, 554 N.W.2d at 834. Prior to the

[2] The record is not clear whether Kourtidias's parole status was the result of the 1988 incident which resulted in a criminal conviction or some other criminal conduct.

flight, the defendant had been drinking in a tavern. *Id.* At the time of the offense, the defendant was on parole, which included a condition that he not drink alcoholic beverages. *Id.* at 181, 554 N.W.2d at 835.

We held that the trial court correctly admitted evidence of both the defendant's parole status and the condition of parole; we said:

> This evidence . . . suggested that Ingram did not want to be caught driving a car after he had been out for the evening and provided an answer to why he tried to flee the officer that evening.

*Id.* at 183, 554 N.W.2d at 836.

The key factor in support of the evidence in *Ingram* was the strong and direct nexus between the defendant's parole status and his criminal conduct. The former directly explained the motive for the latter. In fact, we described the evidence as "crucial" to the State's case. *Id.*

Thus, the law is as follows: evidence of a defendant's probation or parole status and relevant conditions thereof are admissible in the proper exercise of judicial discretion if such evidence demonstrates the motive for, or otherwise explains, the defendant's alleged criminal conduct. *Id.* Absent that scenario, such evidence is inadmissible because the nexus between the conduct and the potential penalty is too tenuous.

In this case, that nexus is not present. Kourtidias obviously did not attempt to entice Nicole into his vehicle because he was on parole or because he was trying to avoid the consequences of parole revocation. To the contrary, he acted criminally despite such status and

the possible consequences. But such "irresistible impulse" does not make the parole evidence admissible.

Although we approved use of the evidence in *Ingram*, we cautioned that "[w]e cannot imagine too many other instances where informing the jury about the defendant's current probation or parole status, or about the defendant's success under supervision, could be more relevant than prejudicial." *Id.* at 190, 554 N.W.2d at 838. This case falls outside the limited proper use of probation or parole evidence envisioned by *Ingram*. We hold that the trial court erred by admitting this evidence.

■■■■

Nevertheless, we conclude that the admission of the parole officer's testimony was harmless. An evidentiary error requires reversal or a new trial only where the improper admission of evidence has affected the substantial rights of the party seeking relief on appeal. *Heggy v. Grutzner*, 156 Wis. 2d 186, 196, 456 N.W.2d 845, 850 (Ct. App. 1990); § 805.18(2), STATS. We reverse only where there is a reasonable possibility that the error contributed to the final result. *See State v. Dyess*, 124 Wis. 2d 525, 543, 370 N.W.2d 222, 231-32 (1985). In making this determination, we weigh the effect of the inadmissible evidence against the totality of the credible evidence supporting the verdict. *State v. Britt*, 203 Wis. 2d 25, 41, 553 N.W.2d 528, 534 (Ct. App. 1996).

In this case, the jury heard the testimony of Nicole which described the circumstances of the encounter with Kourtidias. This testimony stands unimpeached. Kourtidias did not dispute that he was exposing his sex organ to Nicole while engaging her in conversation which included his inquiry, "Do you think we could

play sometime." There is but one reasonable inference which a jury could draw from such conduct and statements. That inference solidly supports the guilty verdict.

Moreover, the other acts evidence which the trial court properly admitted clearly established Kourtidias's modus operandi and his motive both in those cases and in this case. So also did his 1988 statement that he desires young girls to enter his car in order to "heighten [his] sexual experience." We conclude that the inadmissible testimony given by Kourtidias's parole officer was harmless given the strength of the other evidence which supports the jury's verdict.

### JURY INSTRUCTIONS

Kourtidias next claims that the trial court gave an erroneous jury instruction regarding the enticement charge. However, Kourtidias has failed to cite to those portions of the record which are relevant to this issue and which might enable us to understand the claimed error. We deem the issue waived. *See State v. West,* 179 Wis. 2d 182, 195-96, 507 N.W.2d 343, 349 (Ct. App. 1993), *aff'd,* 185 Wis. 2d 68, 517 N.W.2d 482, *cert. denied,* 115 S. Ct. 375 (1994). Moreover, from our independent review of the record, it appears that the instruction which the trial court delivered was the very language requested by Kourtidias. On this further ground, we deem the issue waived. *See State v. McCoy,* 143 Wis. 2d 274, 292, 421 N.W.2d 107, 113 (1988).

## SENTENCING

Kourtidias's final challenges relate to his sentence. A trial court has great discretion in sentencing. *State v. Wickstrom,* 118 Wis. 2d 339, 354, 348 N.W.2d 183, 191 (Ct. App. 1984). An appellate court has a duty to affirm a sentence if facts of record show it is sustainable as a proper exercise of discretion. *Id.* at 355, 348 N.W.2d at 191.

Kourtidias first contends that the trial court erred by immediately sentencing him on the misdemeanor exposure charge when the jury rendered the guilty verdict on the felony enticement charge. Kourtidias seems to contend that the court should have awaited the receipt of the presentence report which the court did order on the enticement charge. However, the court stated it had sufficient background information regarding Kourtidias to sentence him on the misdemeanor charge. Where the facts required for a rational disposition are evident from the record, it is not an abuse of discretion to impose a sentence without a presentence investigation. *See State v. Schilz,* 50 Wis. 2d 395, 403, 184 N.W.2d 134, 138-39 (1971).

Next, Kourtidias challenges the sufficiency of the trial court's reasons for the sentence on the exposure count. A trial court must articulate the basis for the sentence imposed. *State v. Harris,* 119 Wis. 2d 612, 623, 350 N.W.2d 633, 639 (1984). The primary factors to be considered are the gravity of the offense, the character of the defendant and the need for the protection of the public. *Id.*

■ Here, the trial court correctly noted that Kourtidias was a "predatory sex offender" who had not been deterred in the past. The trial court expressed its concern for the public safety due to Kourtidias's attraction to young girls. The court then determined that the maximum sentence of three years should be imposed. We conclude that the trial court properly exercised its discretion and relied on correct information and drew proper and reasonable inferences therefrom in sentencing Kourtidias.

Kourtidias also contends that the trial court erroneously enhanced his sentence on the exposure count as a repeat offender. He argues that the prior conviction was not properly proven and that the court failed to establish that the prior conviction fell within the five-year period required by § 939.62(2), STATS.

■

A plea of guilty or no contest to a criminal complaint which contains a repeater provision that alleges a prior conviction constitutes an admission by the defendant. *State v. Rachwal,* 159 Wis. 2d 494, 512-13, 465 N.W.2d 490, 497 (1991). In such a case, the state need not prove the prior conviction for sentencing purposes. *Id.* at 513, 465 N.W.2d at 497. Before accepting Kourtidias's guilty plea, the court engaged Kourtidias in an extensive colloquy. The court questioned Kourtidias about the 1988 judgment of conviction, which he acknowledged. The State presented the court with a copy of the judgment of conviction. Kourtidias admitted that between August 30, 1988, and March 29, 1994, he was in prison for more than six months. Thus, the five-year time limitation was satisfied.

While *Rachwal* requires only that the defendant acknowledge or admit the prior conviction, in this case, the State additionally presented evidence of the conviction itself. The trial court properly invoked the repeater provisions of the law against Kourtidias on the misdemeanor conviction.

Last, Kourtidias claims that his sentence on the child enticement charge was improperly based on a repeater enhancement. However, Kourtidias was sentenced to ten years on that conviction, the maximum sentence allowed without invoking the repeater provision. When a sentence is within the term prescribed by the statute for the substantive crime, the repeater statute is not invoked. *Harris,* 119 Wis. 2d at 619, 350 N.W.2d at 637. Since the sentence on the enticement conviction did not invoke the repeater provisions, we do not address Kourtidias's argument on the merits.

## *CONCLUSION*

We hold that the trial court properly admitted the other acts evidence. We further hold that the trial court erred by admitting the parole officer's testimony but that the error was harmless. We also hold that Kourtidias has waived his claim of instructional error. Finally, we hold that the trial court properly exercised its sentencing discretion. Accordingly, we affirm the judgments of conviction and the order denying postconviction relief.

*By the Court.*—Judgments and order affirmed.