STATE of Wisconsin, Plaintiff-Respondent,

v.

James E. GRAY, Defendant-Appellant-Petitioner.

Supreme Court

*No. 96–3363–CR. Oral argument December 3, 1998.—Decided April 16, 1999.*

(Also reported in 590 N.W.2d 918.)

39

For the defendant-appellant-petitioner there were briefs and oral argument by *Helen M. Mullison,* Milwaukee.

For the plaintiff-respondent the cause was argued by *Mary V. Bowman,* assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general.

¶ 1. WILLIAM A. BABLITCH, J. The defendant, James Edward Gray (Gray), was convicted of attempting to obtain controlled substances by misrepresentation. He requests that this court reverse the court of appeals' decision that the circuit court properly admitted other acts evidence, and thereby reverse his conviction. Because we conclude that the other acts evidence was relevant and its unfair prejudicial effect did not outweigh the probative value, the circuit court properly exercised its discretion in admitting the other acts evidence, and we affirm the court of appeals' decision. Gray also requests that we reverse the court of appeals' decision that the circuit court had statutory authority to modify his probation sentence before the period of probation began, to include a one-year jail term. We conclude that the plain language of the statute gives the circuit court the authority to modify the conditions of the defendant's probation before the period of probation began.

¶ 2. The facts relevant to this appeal are these. On July 14, 1994, a pharmacy received a prescription for Hydrocodone, a narcotic in pill form.[1] The pharma-

---

[1] Hydrocodone is, by statutory definition, a controlled substance. Wis. Stat. § 161.16(2)(a)7 (1991–92). All references to the Wisconsin Statutes are to the 1991–92 version unless otherwise indicated.

cist noticed that the handwriting on several prescriptions, including the July 14, 1994, prescription, was similar. He checked with the doctor's office that had purportedly written the prescription and discovered that the July 14, 1994, prescription was not valid. The pharmacist then notified the local police of his discovery.

¶ 3. On September 26, 1994, someone called into the same pharmacy to request a refill for the July 14, 1994, prescription. The pharmacist notified the police, then filled the prescription. The defendant, Gray, picked up the prescription and signed the pharmacy log, using his own name. As he was leaving the store, the police arrested him.

¶ 4. Gray was charged with one felony count for attempting to obtain a controlled substance by misrepresentation, as a party to the crime, in violation of Wis. Stat. §§ 161.43(1)(a) and (2), 161.16(2)(a)7, 939.05 and 939.32, one felony count for obtaining a controlled substance by misrepresentation, as a party to the crime, in violation of §§ 161.43(1)(a) and (2), 161.16(2)(a)7, and 939.05, and one misdemeanor count of attempting to obtain a controlled substance by misrepresentation, also as a party to the crime, in violation of Wis. Stat. §§ 450.11(7)(a)9, 161.18(5)(d), 939.32, and 939.05. Each count was based on activities occurring on different days. Gray was also charged with habitual criminality based on his 1992 conviction for the felony offense of attempting to obtain a controlled substance by misrepresentation.

¶ 5. Before trial, the State of Wisconsin (State) filed a motion to introduce other acts evidence pursuant to Wis. Stat. § 904.04(2) (reprinted below).[2]

---

[2] Wisconsin Stat. § 904.04(2) provides:

Specifically, the State requested to introduce evidence of the defendant's previous convictions for obtaining controlled substances by misrepresentation to show motive, knowledge, absence of mistake, plan, identity, and intent.[3] As the trial proceeded, the State also sought to introduce evidence of uncharged forged prescriptions.

¶ 6. The Milwaukee County Circuit Court, Judge Jeffrey A. Kremers presiding, granted the State's motion. The circuit court first found that the other acts evidence fit under the purposes for admissibility under Wis. Stat. § 904.04(2), specifically to show identity, plan, motive, scheme, and potentially absence of mistake. The circuit court also determined that the unfair prejudicial effect of the other crimes evidence did not outweigh its probative value. Therefore, the circuit court allowed the State to introduce other acts evidence consisting of uncharged forged prescriptions and Gray's 1990 conviction for obtaining a controlled substance by misrepresentation.

¶ 7. The jury convicted the defendant of all three counts. The circuit court sentenced him to 13 years in prison, consisting of three years on count three for the misdemeanor charge and 10 years on count two for obtaining a controlled substance by misrepresentation, running consecutively, followed by five years probation

---

(2) OTHER CRIMES, WRONGS, OR ACTS. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. This subsection does not exclude the evidence when offered for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

[3] Although Gray had been convicted in both 1990 and 1992 for obtaining a controlled substance by misrepresentation, the State relied on the 1990 conviction as other acts evidence.

for count one for attempting to obtain a controlled substance by misrepresentation.

¶ 8. Gray filed a post-conviction motion, challenging his conviction on all three counts. The circuit court upheld the conviction on count one. The circuit court dismissed the jury verdict on count two with prejudice and granted a new trial on count three. (The State does not challenge this decision.) Because partially granting Gray's post-conviction motion frustrated the original sentencing scheme, the circuit court modified the defendant's probation sentence for count one, pursuant to Wis. Stat. § 973.09(3)(a), to include a one-year jail term.

¶ 9. Gray appealed his conviction on count one for attempting to obtain a controlled substance by misrepresentation. He asserted that other acts evidence consisting of the uncharged forged prescriptions was not admissible because the jury could not conclude that he was the person who had forged those prescriptions. He argued that the circuit court erred in admitting the other acts evidence, including the uncharged forged prescriptions and his prior conviction, because it did not meet the permissible purposes under Wis. Stat. § 904.04(2) and its prejudicial effect outweighed the probative value. Finally, Gray asserted that the circuit court erred in modifying the conditions of his probation to include a one-year jail term.

¶ 10. In an unpublished decision,[4] the court of appeals affirmed the circuit court's judgment and orders. The court of appeals concluded that because Gray did not make a specific and contemporaneous objection to the other acts evidence, he waived his right to argue on appeal that the jury could not conclude that

[4] *State v. Gray*, No. 96–3363-CR, unpublished slip op. (Wis. Ct. App. Dec. 16, 1997).

he was the person who forged the other uncharged prescriptions. The court of appeals concluded that Gray did properly object to the other acts evidence on general relevancy grounds but nonetheless determined that the other acts evidence was admissible and its probative value outweighed the prejudicial effect. Finally, the court of appeals concluded that the circuit court had statutory authority to modify Gray's sentence of probation.

¶ 11. This court granted Gray's petition for review of the court of appeals' decision. Two issues are presented by this case. The first issue is whether the circuit court properly admitted other acts evidence consisting of the defendant's prior conviction and uncharged forged prescriptions. We hold that it did. The second issue is whether the circuit court had statutory authority to modify the defendant's probation before the period of probation began, to include a one-year jail term. We hold that the circuit court had such authority.

¶ 12. We now turn to the first issue: whether the circuit court properly admitted the other acts evidence. This issue requires that we determine whether the circuit court properly exercised its discretion. *State v. Sullivan*, 216 Wis. 2d 768, 780, 576 N.W.2d 30 (1998). "An appellate court will sustain an evidentiary ruling if it finds that the circuit court examined the relevant facts; applied a proper standard of law; and using a demonstrative rational process, reached a conclusion that a reasonable judge could reach." *Id.* at 780–81 (citing *Loy v. Bunderson*, 107 Wis. 2d 400, 414–15, 320 N.W.2d 175 (1982)).

¶ 13. Over the years this court has expounded the foundation necessary to introduce other acts evi-

dence. Generally evidence of other acts is not admissible because of the "fear that an invitation to focus on an accused's character magnifies the risk that jurors will punish the accused for being a bad person regardless of his or her guilt of the crime charged." *Sullivan*, 216 Wis. 2d at 783. Other acts evidence may not be introduced to show that the defendant has a certain character trait and, in the present charge, acted in conformity with that trait. *Id.* at 781–82.

¶ 14.   Admission of other acts evidence is governed by Wis. Stat. §§ 904.04(2) and 904.03. Section 904.04(2) sets forth exceptions to the general rule of not admitting other acts evidence. Examples of the purposes for which other acts evidence may be admissible include "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." § 904.04(2). Even if the other acts evidence is being offered for one of these acceptable purposes, it must be relevant, Wis. Stat. § 904.01, and its probative value must outweigh its unfair prejudicial effect, § 904.03.

¶ 15.   The analysis of other acts evidence culminated in this court's recent delineation of a three-step analytical framework for attorneys and courts to follow in determining whether other acts evidence is admissible. *Sullivan*, 216 Wis. 2d at 772.

> (1)   Is the other acts evidence offered for an acceptable purpose under Wis. Stat. § (Rule) 904.04(2), such as establishing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident?
>
> (2)   Is the other acts evidence relevant, considering the two facets of relevance set forth in Wis. Stat. § (Rule) 904.01? [footnote omitted] The first consideration in assessing relevance is whether the

other acts evidence relates to a fact or proposition that is of consequence to the determination of the action. The second consideration in assessing relevance is whether the evidence has probative value, that is, whether the other acts evidence has a tendency to make the consequential fact or proposition more probable or less probable than it would be without the evidence.

(3) Is the probative value of the other acts evidence substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence? *See* Wis. Stat. § (Rule) 904.03.

*Id.* at 772–73.

¶ 16. We rely on this analytic framework to determine whether other acts evidence was properly admitted against the defendant in this case. Two types of other acts evidence were admitted against Gray. The first was evidence of Gray's 1990 conviction for obtaining a controlled substance by misrepresentation. The second type of other acts evidence was several uncharged forged prescriptions.

¶ 17. Gray argues that the circuit court erred in admitting evidence of his 1990 conviction because it is not sufficiently similar in fact to the present charge. He also argues that the circuit court erred in admitting evidence of uncharged forged prescriptions because the State did not sufficiently show that he was connected to those prescriptions. We will address both types of the evidence within the *Sullivan* analytical framework.

■

¶ 18. The first task is to determine whether the other acts evidence was offered for an acceptable purpose under Wis. Stat. § 904.04(2). *See Sullivan*, 216 Wis. 2d at 772. The circuit court simply stated that it

thought the evidence would be admissible under any of the exceptions of identity, plan, motive, scheme and potentially absence of mistake. The circuit court provided no reasoning for its decision. "When a circuit court fails to set forth its reasoning, appellate courts independently review the record to determine whether it provides a basis for the circuit court's exercise of discretion." *Sullivan*, 216 Wis. 2d at 781 (citing *State v. Pharr*, 115 Wis. 2d 334, 343, 349 N.W.2d 498 (1983)). Accordingly, we independently review the record to determine whether it provided a basis for the circuit court's exercise of discretion in admitting the other acts evidence.

¶ 19.   The State sought to introduce other acts evidence to show identity—that it was the defendant and not some other person who handled the forged prescription that is the basis of the charged offense. Other acts evidence is admissible to show identity if the other acts evidence has "such a concurrence of common features and so many points of similarity with the crime charged that it 'can reasonably be said that the other acts and the present act constitute the imprint of the defendant.' " *State v. Kuntz*, 160 Wis. 2d 722, 746, 467 N.W.2d 531 (1991) (quoting *State v. Fishnick*, 127 Wis. 2d 247, 263–64, 378 N.W.2d 272 (1985)). "The threshold measure for similarity with regard to identity is nearness of time, place, and circumstance of the other act to the crime alleged. [citation omitted] Whether there is a concurrence of common features is generally left to the sound discretion of the trial courts." *Kuntz*, 160 Wis. 2d at 746–47 (citing *Fishnick*, 127 Wis. 2d at 264 n.7). *See also State v. Speer*, 176 Wis. 2d 1101, 1117, 501 N.W.2d 429 (1993).

¶ 20. Our independent review of the record indicates that the 1990 conviction is sufficiently similar to the present charge so as to indicate the "imprint of the defendant." The prescription marked exhibit 9, the basis for count one of attempting to obtain a controlled substance by misrepresentation which is the subject of this appeal, was the refill for the prescription marked exhibit 3. Exhibit 3 had Gray's fingerprint on it.

¶ 21. The circumstances surrounding the present charge and the 1990 conviction are similar. In both, the defendant told the arresting officer that he was picking up the prescription for a friend. Gray then gave a residential address for the friend. In both the present charge and the 1990 conviction, upon investigating the police discovered that the address did not exist and no one could be found with the name Gray had given.

¶ 22. The defendant argues that the prior conviction is not near enough in time to the present charges to be similar. However, we agree with the circuit court that in the four years between the 1990 conviction and the present charge, Gray spent 18 months in prison. During that time, Gray did not have opportunities to repeat the acts. *See, e.g., Kuntz*, 160 Wis. 2d at 747.

¶ 23. Evidence of the uncharged forged prescriptions is also similar enough to the present charge to show identity. All the prescriptions, the uncharged forged prescriptions and the prescription that is the basis of count one, are for the same narcotic—Hydrocodone or Hycodan syrup. Several of the patients' and doctors' names are the same. All of these prescriptions were filled at the same pharmacy as was the prescription on which count one is based. All the prescriptions were filled within a five-month period. Given the similarities in the circumstances and short

time frame, it can reasonably be said that the uncharged forged prescriptions and the charged offense "constitute the imprint of the defendant." *Fishnick*, 127 Wis. 2d at 263–64.

¶ 24.  Upon our independent review of the record, we conclude that the circuit court did not erroneously exercise its discretion in admitting the other acts evidence to show the defendant's identity. The prior conviction and the uncharged forged prescriptions are sufficiently similar to the present charges, and the delay in time between the present charges and the 1990 conviction is not actually so great because of the defendant's time in prison.

¶ 25.  The State also sought to introduce the other acts evidence to show plan or scheme.

> The word "plan" in sec. 904.04(2) means a design or scheme formed to accomplish some particular purpose. . . .Evidence showing a plan establishes a definite prior design, plan, or scheme which includes the doing of the act charged. . . .[T]here must be "such a concurrence of common features that the various acts are materially to be explained as caused by a general plan of which they are the individual manifestations."

*State v. Spraggin*, 77 Wis. 2d 89, 99, 252 N.W.2d 94 (1977) (citing 2 Wigmore, *Evidence* § 304 (3d ed. 1940)).

¶ 26.  The State sought to introduce evidence of Gray's prior conviction to show that he had taken deliberate steps to accomplish his purpose, obtaining prescription drugs by using forged prescriptions, and that he has done so in the past. The State indicated that it would introduce evidence of the 1990 conviction through the testimony of the officer who arrested Gray

for that incident. The State asserted that in 1990 Gray told the police officer the same type of story that he told the arresting officers regarding the current charge—that he was picking the prescription up for a friend, and then he gave a non-existing residential address. Indeed, the arresting officer from the 1990 conviction gave testimony to this effect. The circuit court did not erroneously exercise its discretion in concluding that the concurrence of common features in the circumstances of the present charge and the prior conviction are materially to be explained as caused by a general plan of which the prior conviction and the current charge are the individual manifestations.

¶ 27.   Evidence of the uncharged forged prescriptions also carries a strong concurrence of common features, sufficient to show a plan. The narcotic for the charged and uncharged forged prescriptions is the same; several of the patients' and doctors' names are the same; and the prescriptions were all filled or attempted to be filled at the same pharmacy and within a five-month period. There is such a concurrence of common features that the various forged prescriptions, charged and uncharged, can materially be explained as caused by a general plan of which each forged prescription is an individual manifestation. Because our review of the record shows a common concurrence of features between the current charge and the other acts evidence, we conclude that there is a basis in the record for the circuit court to admit this other acts evidence to show a plan or scheme.

¶ 28.   The third purpose for which the State sought to introduce the other acts evidence was to show motive. "Motive has been defined as the reason which

leads the mind to desire the result of an act. [Citation omitted.] In other words, a defendant's motive may show the reason why a defendant desired the result of the crime charged." *Fishnick*, 127 Wis. 2d at 260 (citation omitted). "[A] motive in an earlier crime [may be] used to show a common cause for both the earlier and a later crime. The same motive caused both the prior and the charged act." *State v. Plymesser*, 172 Wis. 2d 583, 594, 493 N.W.2d 376 (1992).

¶ 29.   In the present case, the charge against the defendant that is the subject of this appeal is count one—attempting to obtain a controlled substance by misrepresentation. In the 1990 conviction for obtaining a controlled substance by misrepresentation, the defendant was found guilty of forging a prescription and thereby deceiving a pharmacist. The State asserts that the purpose of writing the forged prescription, both in 1990 and in the present charge, was to deceive the pharmacist to thereby obtain a controlled substance, probably to satisfy a drug addiction.

¶ 30.   During the trial, Gray himself admitted that, at least in the past, he had been addicted to methadone, also a controlled substance. While not admitting to a current drug addiction, the circuit court could infer that just as Gray was found to be motivated in 1990 to forge prescriptions to deceive a pharmacist and thereby obtain controlled substances, so too was he motivated in regard to the present charge.

¶ 31.   Regarding the uncharged forged prescriptions, the State showed that the uncharged forged prescriptions and the charged prescription, all for the same narcotic, were filled at the same pharmacy within a five-month period. The State proved that all the prescriptions were forged (which by their very nature shows an intent to deceive) and there was testimony

that the same person wrote the printed portions of all the uncharged forged prescriptions. The sequence of forged prescriptions shows a motive to deceive a pharmacist to obtain prescription drugs.

¶ 32. Upon our independent review of the record, we cannot conclude that the circuit court erroneously exercised its discretion in admitting the other acts evidence, neither the 1990 conviction nor the uncharged forged prescriptions, to show the defendant's motive.

¶ 33. Finally, the State sought to introduce the other acts evidence to show absence of mistake because, the State asserted, the defendant knew such behavior was illegal, having been previously arrested and convicted for this type of conduct.

¶ 34. "If a like occurrence takes place enough times, it can no longer be attributed to mere coincidence. Innocent intent will become improbable." *State v. Evers*, 139 Wis. 2d 424, 443, 407 N.W.2d 256 (1987). The exception of absence of mistake is closely tied to intent. "[I]ntent involves knowledge, hostile feeling, or 'the absence of accident, inadvertence, or casualty—a varying state of mind which is the contrary of an innocent state of mind. . . .' " *Id.* at 437 (quoting 2 Wigmore, *Evidence* § 300, p 238 (Chadbourn rev. 1979)). Other acts evidence is properly admitted to show absence of mistake if it tends to undermine a defendant's innocent explanation for his or her behavior. *Evers*, 139 Wis. 2d at 437 (referring to Weinstein & Berger, *Weinstein's Evidence*, p. 404–84 (1985)). " '[T]he oftener a *like* act has been done, the less probable it is that it could have been done innocently.' " *Evers*, 139 Wis. 2d at 437 (quoting Weinstein & Berger, *Weinstein's Evidence*, p. 404–84 - 404–87).

¶ 35. In the present case, the 1990 conviction was for obtaining a controlled substance by misrepresentation. The current charge is for attempting to commit the same crime. The facts surrounding the defendant's arrest and the explanation the defendant gave for why he was picking up the prescription were similar. The similarity in events between the 1990 conviction and the present charge tends to undermine Gray's innocent explanation.

¶ 36. The facts surrounding the uncharged forged prescriptions are also similar to the facts surrounding the presently charged crime. The prescriptions were all for the same narcotic, several used the same patient and doctors' names and they were all filled at the same pharmacy within a five-month period. Most telling is the document examiner's testimony that there is a high probability that the same person wrote the printed portions of all the prescriptions making up the uncharged forged prescriptions. The frequency and similarity of the forged prescriptions, one of which is the original for the refill prescription that forms the basis of count one, undermines Gray's innocent explanation that he did not know that the prescription was forged. Given our independent review of the record, we cannot conclude that the circuit court erroneously exercised its discretion in admitting the other acts evidence to show absence of mistake.

¶ 37. Having concluded that the other acts evidence presented by the State was admissible for the permissible purposes of showing identity, plan, proof of motive and absence of mistake, we now turn to the second step in the *Sullivan* test: whether the other acts evidence is relevant under Wis. Stat. § 904.01

(reprinted below).[5] "The first consideration in assessing relevance is whether the other acts evidence relates to a fact or proposition that is of consequence to the determination of the action." *Sullivan*, 216 Wis. 2d at 772. The proponent of the evidence, here the State, must rely on the substantive law which defines the elements of the crime to articulate the fact or proposition that the other acts evidence is offered to prove. *Id.* at 785–86.

¶ 38.  "The second consideration in assessing relevance is whether the evidence has probative value, that is, whether the other acts evidence has a tendency to make the consequential fact or proposition more probable or less probable than it would be without the evidence." *Sullivan*, 216 Wis. 2d at 772. The measure of probative value in assessing relevance is the similarity between the charged offense and the other act. *Id.* at 786. "The stronger the similarity between the other acts and the charged offense, the greater will be the probability that the like result was not repeated by mere chance or coincidence." (Footnote omitted). *Id.* at 786–87.

¶ 39.  The defendant does not argue that the State failed to show that the evidence relates to a fact or proposition that is of consequence to the determination of the action, or that the other acts evidence has probative value. Rather, Gray argues that the State failed to produce any evidence to connect him with the other acts evidence of the uncharged forged prescriptions marked as exhibits 2 and 4 through 7. Gray

---

[5] Wisconsin Stat. § 904.01 provides: " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

argues that the circuit court erroneously allowed testimony regarding these five exhibits because there was no proof of connection to the defendant.

¶ 40. "It is not necessary that prior-crime evidence be in the form of a conviction; evidence of the incident, crime or occurrence is sufficient." *Whitty v. State*, 34 Wis. 2d 278, 293, 149 N.W.2d 557 (1967). In other words, other acts evidence may consist of uncharged offenses such as the uncharged forged prescriptions in this case. However, "[u]nder § 904.04(2), Stats., other acts evidence is relevant if a reasonable jury could find by a preponderance of the evidence that the defendant committed the other act." *State v. Bustamante*, 201 Wis. 2d 562, 570, 549 N.W.2d 746 (Ct. App. 1996) (citing *State v. Landrum*, 191 Wis. 2d 107, 119–20, 528 N.W.2d 36 (Ct. App. 1995)). Whether a jury could determine that the defendant committed the other acts is a question of law which we review de novo. *Bustamante*, 201 Wis. 2d at 570.

¶ 41. To determine the relevancy of other acts evidence which is conditioned on showing another fact, such as showing that the defendant is connected to the uncharged forged prescriptions, we turn to Wis. Stat. § 901.04(2) which provides as follows:

> (2)  RELEVANCY CONDITIONED ON FACT. When the relevancy of evidence depends upon the fulfillment of a condition of fact, the judge shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

§ 901.04(2). To determine whether the proponent of the evidence has introduced evidence sufficient to meet § 901.04(2), the court should neither weigh credibility

nor determine whether the state proved the conditional fact. *See Huddleston v. U.S.*, 485 U.S. 681, 690 (1988).[6] Rather, the circuit court must examine all the evidence presented to the jury and determine if a reasonable jury could find the conditional fact by a preponderance of the evidence. *Id.* In reaching its conclusion, the circuit court may allow admission of other acts evidence conditioned on later introduction of evidence to make the requisite finding. *Id.* If the proponent of the other acts evidence fails to provide sufficient evidence to allow the circuit court to conclude that a jury would find the conditional fact by a preponderance of the evidence, the circuit court must instruct the jury to disregard the other acts evidence. *Id.*

¶ 42.   In *Huddleston,* the defendant was charged with possessing and selling stolen property, blank video cassette tapes, in interstate commerce. *Huddleston*, 485 U.S. at 682. The defendant denied knowing that the property he possessed and sold was stolen. *Id.* at 683. To show that the defendant did know that the property was stolen, the United States sought to introduce other acts evidence that the defendant had sold stolen televisions in interstate commerce. Although the defendant admitted to selling the televisions there was no proof that the televisions were stolen and again the defendant denied knowing that they were stolen. *Id.* The conditional fact was whether the televisions were stolen. *Id.* at 690. Considering all the evidence

---

[6] The Federal rules of evidence (FRE), including 104(b) and 404(b) are substantially the same as the Wisconsin rules of evidence, including Wis. Stat. §§ 901.04(2) and 904.04(2). To achieve uniformity between the federal and Wisconsin rules of evidence, we rely on federal case law regarding FRE 104(b) and 404(b) to analyze §§ 901.04(2) and 904.04(2). *See State v. Schindler*, 146 Wis. 2d 47, 54, 429 N.W.2d 110 (Ct. App. 1988).

presented, the Court determined that the district court could conclude that the jury could find, by a preponderance of the evidence, the truth of the conditional fact, that the televisions which were the subject of the other acts evidence were stolen. *Id.* at 691.

¶ 43.  The *Huddleston* analysis was adopted by the Wisconsin Court of Appeals in *State v. Schindler*, 146 Wis. 2d 47, 54, 429 N.W.2d 110 (Ct. App. 1988). In *Schindler*, the conditional fact was whether it was the defendant or some other person who committed the other acts, namely causing the child homicide victim to have leg and rib fractures. Considering all the evidence presented to the jury, the court of appeals concluded that there was sufficient evidence "to permit a reasonable jury to find, by a preponderance of the evidence, that defendant caused the victim's leg and rib injuries. The *Huddleston* test is met, and we therefore conclude that the trial court correctly permitted the jury to hear that evidence." *Schindler*, 146 Wis. 2d at 55–56.

¶ 44.  In the present case, the State introduced, and the circuit court admitted, other acts evidence consisting of six uncharged forged prescriptions marked as exhibits 2 through 7. Gray argues that the State failed to prove the conditional fact—that he was connected to the uncharged forged prescriptions marked as exhibits 2 and 4 through 7. Because exhibit 3 included Gray's fingerprint, he does not argue that he is not connected to this exhibit. Count one, which is the subject of this appeal, is based on exhibit 9, the refill of the prescription marked as exhibit 3. Finally, exhibit 11 is the forged prescription for which Gray was convicted in 1990. It also included his fingerprint and was therefore directly connected to Gray. We follow the *Huddleston* analysis and consider all the evidence presented to the jury to determine whether there is sufficient evidence

that a reasonable jury could find by a preponderance of the evidence that the defendant was connected to the uncharged forged prescriptions.

■■

¶ 45.  To begin, exhibit 3 is undoubtedly connected to the defendant because his fingerprint is on it. Although the prescriptions marked as exhibits 2 and 4 through 7 were for three different patients and the doctor's names were different, the State introduced evidence that showed that all the prescriptions marked as exhibits 2 through 7 were for the same narcotic, mostly in the form of Hydrocodone and one in the form of Hycodan syrup. The prescriptions were all presented to the same pharmacy. Through the testimony of different doctors, the State showed that all the prescriptions were forgeries. Finally, through the testimony of a document examiner, the State showed that there was a high probability that the same person forged the printed portions of the prescriptions marked as exhibits 2 through 7. Because of the similarities between exhibit 3, which includes the defendant's fingerprint, and exhibits 2 and 4 through 7, we conclude that the State provided sufficient evidence that a reasonable jury could find by a preponderance of the evidence the conditional fact—that Gray was connected to the prescriptions marked as exhibits 2 and 4 through 7. Because the State presented evidence sufficient to fulfill the conditional fact, the other acts evidence, consisting of exhibits 2 and 4 through 7, is relevant.[7]

---

[7] The State argues that the defendant waived his right to challenge the conditional fact that he was connected with the other acts evidence by not properly raising the objection at the circuit court. "Although objections which are waived are not reviewable as a matter of right, this court may consider the merits of the objection if it chooses." *State v. Giwosky*, 109 Wis.

¶ 46.  Having concluded that the other acts evidence is relevant, the defendant's argument that his due process rights were violated is without merit. *See Estelle v. McGuire*, 502 U.S. 62, 70 (1991).

¶ 47.  At this point we have determined that the other acts evidence, the defendant's 1990 conviction and the uncharged forged prescriptions marked as exhibits 2 and 4 through 7, were admissible to show motive, identity, plan or scheme, and absence of mistake. We have also concluded that the other acts evidence was relevant, and the State presented sufficient evidence to fulfill the conditional fact that the defendant was connected to the prescriptions marked as exhibits 2 and 4 through 7. We now turn to the final step in the *Sullivan* three-step analytical framework: whether "the probative value of the other acts evidence [is] substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence[.] *See* Wis. Stat. § (Rule) 904.03." *Sullivan*, 216 Wis. 2d at 772–73. This test is "based upon the premise the accused is entitled to a procedurally and evidentially fair trial without making it impossible for the state to prosecute." *Whitty*, 34 Wis. 2d at 295.

¶ 48.  The circuit court determined both before and during the trial that the unfair prejudicial effect of the other acts evidence did not outweigh its probative value. The circuit court stated that the testimony about all the prescriptions was inter-related, some having the

---

2d 446, 451 n.3, 326 N.W.2d 232 (1982) (citing *Manson v. State*, 101 Wis. 2d 413, 417 n.2, 304 N.W.2d 729 (1981); *State v. Wedgeworth*, 100 Wis. 2d 514, 528, 302 N.W.2d 810 (1981)). Regardless of waiver, we chose to reach the issue of the relevancy of the conditional evidence.

same patients' names and the same handwriting. The circuit court reasoned that it would be difficult for the jury to understand all of the evidence without having the documents presented to them, from which they could draw their own conclusions.

¶ 49. "Unfair prejudice results when the proffered evidence has a tendency to influence the outcome by improper means or if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish or otherwise causes a jury to base its decision on something other than the established propositions in the case." *Sullivan*, 216 Wis. 2d at 789–90 (citing *State v. Mordica*, 168 Wis. 2d 593, 605, 484 N.W.2d 352 (Ct. App. 1992)). In contrast, probative value "depends in part upon its nearness in time, place and circumstances to the alleged crime or element sought to be proved." *Whitty*, 34 Wis. 2d at 294.

■

¶ 50. The inquiry is not whether the other acts evidence is prejudicial but whether it is *unfairly* prejudicial. We agree with the circuit court that it is not. The other acts evidence is probative due to its nearness in time, place and circumstances to the charged crime. Except for exhibit 11, the prescription for the defendant's 1990 conviction, the prescriptions admitted as other acts evidence were for the same narcotic as the prescription for which the defendant was charged, and they were filled at the same pharmacy within a five-month period. A document expert testified that although he could not conclude that it was the defendant who wrote the prescriptions, there was a high probability that the handwritten printed portions of the prescriptions making up the other acts evidence, including exhibit 3, were all written by the same person. Exhibit 3 had the defendant's fingerprint on it.

The charged crime was based on exhibit 9 which was a refill of the prescription marked as exhibit 3. Finally, the circumstances surrounding the defendant's 1990 conviction are very similar to the circumstances regarding the charged offense. We cannot conclude that the circuit court erroneously exercised its discretion in concluding that the probative value of the other acts evidence outweighed its prejudicial effect.

¶ 51. Additionally, the court properly gave the jury the cautionary instruction, Wis JI—Criminal 275. This cautionary instruction warns the jury that it is to consider the other acts evidence only for certain purposes and not to conclude that the defendant has a certain character and that he or she acted in conformity with that character. A cautionary instruction can go "far to cure any adverse effect attendant with the admission of the [other acts] evidence." *Fishnick*, 127 Wis. 2d at 262.

¶ 52. In sum, our independent review of the record shows a proper basis for the circuit court's exercise of discretion to admit the defendant's 1990 conviction and the uncharged forged prescriptions for the permissible purposes of showing identity, plan, motive and absence of mistake. We also conclude that the other acts evidence, particularly the uncharged forged prescriptions marked as exhibits 2 and 4 through 7, are relevant. The State presented sufficient evidence to fulfill the conditional fact that the defendant was connected with these uncharged forged prescriptions. Finally, we conclude that because of the nearness in time, place and circumstances of the other acts evidence with the charged offense, the circuit court did not erroneously exercise its discretion in determining that the probative value of the other acts evidence outweighed its unfair prejudicial effect.

¶ 53. We now turn to the second issue presented by this case: whether the circuit court had authority under Wis. Stat. § 973.09(3)(a) to modify the defendant's probation sentence before the period of probation began, to include a one-year jail term. This is an issue of statutory construction which we review de novo. *State v. Setagord*, 211 Wis. 2d 397, 403–404, 565 N.W.2d 506 (1997).

¶ 54. The State first argues that this issue is moot because the defendant has already completed his one-year jail term. Although an issue may be moot this court may nevertheless address it if the issue is of great public importance; if the constitutionality of a statute is involved; if the situation occurs so frequently that a definitive decision is necessary to guide circuit courts; if the issue is likely to arise again and a decision from the court would alleviate uncertainty; or if an issue will likely be repeated but evades appellate review because the appellate process cannot be completed or even undertaken in time to have a practical effect on the parties. *State ex rel. La Crosse Tribune v. Circuit Ct.*, 115 Wis. 2d 220, 229, 340 N.W.2d 460 (1983). Because we determine that the issue of a circuit court's authority under Wis. Stat. § 973.09(3)(a) to modify probation is an issue that will likely arise again and a decision from this court would alleviate uncertainty, we will address the issue as presented and briefed by this case.

¶ 55. Wisconsin Stat. § 973.09(3)(a) provides as follows: "Prior to the expiration of any probation period, the court, for cause and by order, may extend probation for a stated period or modify the terms and conditions thereof." We are asked to determine whether this statute gives circuit courts the authority

to modify the conditions of probation before the period of probation begins.

¶ 56. Questions of statutory interpretation require that we discern the intent of the legislature. *Setagord*, 211 Wis. 2d at 406. We first consider the language of the statute. If the plain language unambiguously sets forth the legislative intent, we apply the statute without looking beyond the statutory language. *Id.* "A statute is ambiguous when it is capable of being understood in two or more different senses by reasonably well-informed persons." *Id.* (citing *Wagner Mobil, Inc. v. City of Madison*, 190 Wis. 2d 585, 592, 527 N.W.2d 301 (1995)). If a statute is ambiguous we turn to extrinsic aids such as legislative history, scope, context, subject matter and object of the statute to determine the legislative intent. *Setagord*, 211 Wis. 2d at 397.

¶ 57. The phrase at issue in this case is "prior to the expiration of any probation period . . . ." Wis. Stat. § 973.09(3)(a). The defendant asserts that this phrase means that the period of probation must have begun before the court can extend probation or modify the terms and conditions of probation. In other words, the defendant asserts that a circuit court may modify the conditions of probation any time between the beginning of the probation period and the expiration of the probation period. The State counters that the statute means that the circuit court can modify the conditions of probation at any time before the expiration of the period of probation, even if the period of probation has not yet started.

¶ 58. We agree with the State. The plain language of the statute, "prior to the expiration of any probation period," allows the circuit court to modify the conditions of probation any time before the period of

67

probation expires. The plain language does not require that probation has already begun before the court has authority to modify its conditions. To require that probation has already begun before the court can modify its terms would require that we read additional language into the statute. This is a task we will not undertake. *See, e.g., State v. Hall*, 207 Wis. 2d 54, 82, 557 N.W.2d 778 (1997) (regarding saving the constitutionality of a statute: "where the meaning is plain, words cannot be read into [a statute] or out of it for the purpose of saving one or other possible alternative.").

¶ 59. Although we conclude that the plain language of the statute allows circuit courts to modify the conditions of probation at any time before the expiration of probation, even before the period of probation begins, our conclusion is also supported by the purpose of imposing probation. The theory of the probation statute is to rehabilitate the defendant and protect society without placing the defendant in prison. *See State v. Hays*, 173 Wis. 2d 439, 445, 496 N.W.2d 645 (Ct. App. 1992). To accomplish this theory, the circuit court is empowered by Wis. Stat. § 973.09(1)(a) to fashion the terms of probation to meet the rehabilitative needs of the defendant. *Id.* Also, "inherent within the probation statute is the court's continued power to effectuate the dual purposes of probation, namely, rehabilitating the defendant and protecting society, through the court's authority to modify or extend probationary terms." *State v. Sepulveda*, 119 Wis. 2d 546, 554, 350 N.W.2d 96 (1984). When the grant of probation is premised on another condition, such as confinement, and the intent of probation is frustrated because that condition cannot be met, the circuit court has the authority to modify the conditions of probation. *Id.* at 556.

¶ 60. As this case illustrates, it is possible that the intent of probation can be frustrated before the period of probation even begins. Gray was sentenced to a total of 13 years for counts two and three. Pursuant to the defendant's post-conviction motion, the circuit court dismissed count two with prejudice and granted a new trial on count three. As a result of partially granting defendant's post-conviction motion, the only portion of the sentence remaining was the period of probation for count one. The circuit court was clear in initially fashioning the sentence structure, that it sought to provide not only a penalty for the defendant through incarceration, but also rehabilitation and long term supervision. When only the period of probation remained without any period of incarceration, the penalty component of the circuit court's sentencing structure was frustrated. Accordingly, the circuit court sought to modify the conditions of probation to include some period of confinement for punishment purposes. This action is consistent with the plain language and purpose of Wis. Stat. § 973.09(3)(a).

¶ 61. In sum, we hold that Wis. Stat. § 973.09(3)(a) allows circuit courts to modify conditions of probation at any time before the period of probation expires, even before the period of probation begins.

*By the Court.*—The decision of the court of appeals is affirmed.