STATE OF WISCONSIN, PLAINTIFF-RESPONDENT,
v.
RANDY M. ROCKMAN, DEFENDANT-APPELLANT.
No. 2006AP678-CR.
Court of Appeals of Wisconsin, District III.
October 10, 2006.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
PER CURIAM.
¶1 Randy M. Rockman appeals his judgment of conviction for three counts of sexual assault of a child under thirteen. Rockman argues the trial court erroneously exercised its discretion by admitting other acts evidence of a past sexual assault of a child.
¶2 The trial court could have reasonably concluded the other acts evidence was offered for a permissible purpose and was relevant to show Rockman's motive and intent. Further, the trial court could have reasonably concluded the probative value of the evidence was not outweighed by unfair prejudice. Therefore, we affirm the judgment.

BACKGROUND
¶3 On January 31, 2003, the State issued a complaint against Rockman for three counts of sexual assault of a child under thirteen years of age. The charges stemmed from three incidents in November of 2002 involving Rockman's eleven-year-old daughter. Rockman's daughter alleged that Rockman came into her room at night, during a weekend visit on November 29th and 30th, and touched her breasts.
¶4 Prior to trial, the State filed a motion to admit other crimes, wrongs or acts. The State sought to admit evidence of a sexual assault Rockman committed against his thirteen-year-old music student, Jenna W., in 1993. The State asked the court to admit the evidence to demonstrate Rockman's intent, motive, and the absence of mistake.[1] The court found the evidence was offered for a permissible purpose, was relevant to show motive and intent due to the similarities between the crimes, and the probative value was not substantially outweighed by unfair prejudice. The court stated a cautionary instruction would be given to the jury and granted the State's motion.
¶5 The evidence was introduced at trial in the form of Jenna W.'s testimony. The prosecutor instructed Jenna W. not to refer to any prior court proceedings and to only testify regarding the exact incident. The evidence also came in on cross-examination of Rockman and defense witnesses Stephanie Rockman and Lisa Lillie.
¶6 At the end of the trial, the jury was instructed that they could only consider the evidence relevant to Rockman's intent or motive. The jury returned a verdict of guilty on all three counts, and Rockman was sentenced on each count to three years in prison and two years of extended supervision, to be served consecutively.

STANDARD OF REVIEW
¶7 This court reviews a trial court's decision to admit evidence under a discretionary standard. State v. Veach, 2002 WI 110, ¶55, 255 Wis. 2d 390, 648 N.W.2d 447. "An appellate court will sustain an evidentiary ruling if it finds that the circuit court examined the relevant facts; applied a proper standard of law; and using a demonstrative rational process, reached a conclusion that a reasonable judge could reach." State v. Sullivan, 216 Wis. 2d 768, 780-81, 576 N.W.2d 30 (1998).
¶8 In exercising discretion regarding other acts evidence, the trial court must apply the three-step analytical framework set forth by the supreme court in Sullivan. Id. at 772-73. The first step requires the court to determine whether the other acts evidence is offered for a permissible purpose under WIS. STAT. § 904.04(2), such as establishing motive, intent, or absence of mistake. Id. at 772. Step two is to determine whether the other acts evidence is relevant under WIS. STAT. § 904.01.[2]Id. In assessing relevance the court must first consider "whether the other acts evidence relates to a fact or proposition that is of consequence to the determination of the action." Id. The court must then consider "whether the evidence has probative value, that is, whether the other acts evidence has a tendency to make the consequential fact or proposition more probable or less probable than it would be without the evidence." Id. Step three is to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, waste of time, or other similar concerns. Id. at 772-73. The State bears the burden of proving the first two steps. State v. Hunt, 2003 WI 81, ¶53, 263 Wis. 2d 1, 666 N.W.2d 771. Once the State meets its burden, the defendant must prove that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. Id.
¶9 Courts are instructed to permit greater latitude of proof when considering the admissibility of other acts evidence in cases of child sexual assault. Veach, 255 Wis. 2d 390, ¶51. "Application of the greater latitude rule does not displace the ... Sullivan test, but in doing so, they must permit greater latitude in each step of the test." Id., ¶53.

DISCUSSION
¶10 Rockman argues the circuit court erroneously exercised its discretion by admitting the other acts evidence. The first issue under the Sullivan test is whether the other acts evidence was offered for a permissible purpose. Sullivan, 216 Wis. 2d at 772. In this case, the State sought to introduce the evidence to prove motive and intent. Other acts evidence is admissible to show the defendant's motive was sexual gratification and not for other matters. Veach, 255 Wis. 2d 390, ¶58. Other acts evidence is also admissible to establish intent. Sullivan, 216 Wis. 2d at 772, see also Veach, 255 Wis. 2d 390, ¶58 (noting other acts evidence is admissible to show "that the contact that occurred was intentional contact, not unintentional contact"). Here, the trial court noted, "the intent and motivation factors here, together with their age, there is a similar amount of similarities." Therefore, the evidence was offered for a permissible purpose.
¶11 The second issue under Sullivan is whether the evidence was relevant. Id. at 772. In assessing relevance we must consider whether the evidence relates "to some fact that is of consequence to the determination of the action" and whether it has "some tendency to make that fact more or less probable than it would be without the evidence." State v. Davidson, 2000 WI 91, ¶64, 236 Wis. 2d 537, 613 N.W.2d 606. Here the jury instructions required the jurors to find the touching "must be an intentional touching." The instructions further stated, "[s]exual contact also requires that the defendant acted with intent to become sexually aroused or gratified." It was reasonable for the court to anticipate that the jurors would have difficulty believing Rockman could have the intent to become sexually gratified by assaulting his daughter. See id., ¶65 ("It was reasonable to anticipate that jurors would have difficulty believing that the defendant could have any motive to sexually assault his young niece."). Therefore, the evidence was relevant to prove Rockman intended to become sexually aroused or gratified by touching his daughter.
¶12 Having determined that the evidence related to a fact of consequence we next examine whether it had any tendency to make those facts more or less probable. Id., ¶67. "The measure of probative value in assessing relevance is the similarity between the charged offense and the other act." State v. Gray, 225 Wis. 2d 39, 58, 590 N.W.2d 918 (1999). Here, the similarity in the victims' ages is obvious. His daughter was eleven at the time of the assault, and the previous sexual assault involved a thirteen-year-old girl. Although there was nine years between the incidents, this does not destroy the probative value. See Veach, 255 Wis. 2d 390, ¶83 (eleven years between offenses); Davidson, 236 Wis. 2d 537, ¶¶6, 10 (incidents nine years apart). Furthermore, both incidents involved victims who trusted Rockman. In one incident he took advantage of the trust of his young music student, in another his young daughter. In view of the greater latitude rule, the trial court could have reasonably concluded that the earlier assault was probative of Rockman's motive and intent in assaulting his daughter.
¶13 The final step in the Sullivan analysis is determining whether the probative value of the other acts evidence was substantially outweighed by the danger of unfair prejudice. See Davidson, 236 Wis. 2d 537, ¶73. Rockman argues the other acts evidence was inadmissible because the cumulative nature of the evidence presented caused the prejudice to substantially outweigh the probative value.[3] The question under this step "is not whether the other acts evidence is prejudicial, but whether it is unfairly prejudicial." Veach, 255 Wis. 2d 390, ¶87.
Unfair prejudice results when the proffered evidence has a tendency to influence the outcome by improper means or if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish or otherwise causes a jury to base its decision on something other than the established propositions in the case.
Sullivan, 216 Wis. 2d at 789-90.
¶14 Even where the other acts evidence is prejudicial, the court may still admit the evidence where the probative value outweighs the prejudice. See Veach, 255 Wis. 2d 390, ¶91 (noting that though the evidence was "graphic, disturbing, and extremely prejudicial," the danger of unfair prejudice did not substantially outweigh the probative value, especially in light of the greater latitude rule). In weighing the probative value of the evidence, the court may determine similarities between the other acts evidence and the charged crime renders the other acts evidence highly probative thus outweighing the danger of prejudice. Davidson, 236 Wis. 2d 537, ¶75. In addition, where the other acts evidence involves a charged and convicted crime, the high degree of reliability of the evidence increases the probative value. Id., ¶77.
¶15 Here, the evidence was admitted in the form of testimony from the victim. Additionally, the prosecutor briefly cross-examined certain defense witnesses regarding the incident. At the end of the trial, the court instructed the jury to only consider the evidence as going toward Rockman's intent or motive. These cautionary instructions helped to limit the danger of unfair prejudice. See id., ¶ 78 ("Cautionary instructions help to limit the danger of unfair prejudice that might result from other crimes evidence."). While the evidence may have been prejudicial, the prejudice did not substantially outweigh the high probative value of the evidence, particularly in light of the greater latitude rule. The other acts evidence in this case involved a charged and convicted crime, and therefore had an increased probative value. Id., ¶77. In addition, the similarities between the two crimes made the evidence highly probative. Id., ¶75. Though the testimony may have been disturbing, graphic and disturbing testimony is admissible where the testimony has a high probative value. See Veach, 255 Wis. 2d 390, ¶91. Therefore, the trial court could have reasonably concluded that the prejudice did not substantially outweigh the probative value of the evidence.
¶16 The other acts evidence was offered for a permissible purpose and was relevant to show Rockman's motive and intent. Further, it was reasonable for the trial court to conclude that the probative value of the evidence was not outweighed by unfair prejudice. Therefore, the trial court did not erroneously exercise its discretion by admitting the evidence.
By the Court.Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.
NOTES
[1] WISCONSIN STAT. § 904.04(2) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. This subsection does not exclude the evidence when offered for other purposes, such as proof of motive, opportunity,intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[2] WISCONSIN STAT. § 904.01 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
[3] The State argues Rockman waived the issue of the form of the other acts evidence by not raising it at the pretrial motion hearing and not objecting at trial or moving for a mistrial. However, at the motion hearing Rockman objected to the evidence on the grounds that it was too prejudicial. Rockman renewed his objection at the beginning of the trial stating, "it's prejudicial and that prejudice outweighs any relative value it has to theprobative value ...."