PER CURIAM.
¶ 1 Jacki L. Rickerman appeals a judgment of conviction for first-degree reckless homicide by delivery of a controlled substance. Rickerman contends that she is entitled to a new trial because, Rickerman asserts, the circuit court erred by: (1) prohibiting Rickerman from cross-examining a State's witness regarding use immunity granted to the witness as to his testimony; and (2) admitting other acts evidence of Rickerman's prior possession and sale of heroin. For the reasons set forth below, we reject these contentions and affirm.
¶ 2 Rickerman was charged with first-degree reckless homicide for the overdose death of Jacqueline Neubauer. The State alleged that Rickerman sold the heroin that caused Neubauer's overdose to Kelly Braun, who then gave the heroin to Neubauer. At trial, Braun testified that he purchased the heroin from Rickerman and gave it to Neubauer. Rickerman cross-examined Braun as to his criminal history, history of drug use, prior dishonesty to authorities in connection with this case, cooperation with authorities to obtain a more favorable outcome for himself, and knowledge that testifying consistently with his prior statements would help avoid a perjury charge. However, the court prohibited Rickerman from cross-examining Braun as to the use immunity he was granted in connection with his testimony at Rickerman's trial. The court determined that the immunity evidence was not relevant because Braun had already been convicted and sentenced for his involvement in this case at the time of Rickerman's trial, and thus, the court reasoned, the immunity provided no benefit to Braun.
¶ 3 The court also allowed the State to introduce other acts evidence over Rickerman's objection. The court allowed the State to present testimony by: (1) a witness who claimed that Rickerman had sold him heroin several times in the past; and (2) a police officer who had an encounter with Rickerman in which she dropped a package of heroin to avoid being caught with it. Rickerman was convicted and sentenced. She appeals.
¶ 4 Rickerman contends that her constitutional right to confrontation was violated when the circuit court prohibited her from cross-examining Braun as to the use immunity he was granted for his testimony. Rickerman contends that she was prohibited from showing Braun's bias based on the immunity, which, Rickerman contends, was necessary to allow the jury to assess Braun's credibility. Rickerman contends that, because Braun was pursuing an appeal of his conviction and sentence for his involvement in this case at the time of Rickerman's trial, the grant of immunity was significant to show Braun's motivation to elicit favor with the State and secure protection for himself in the event of a successful challenge to his plea or sentence. She argues that the immunity evidence would have directly contradicted Braun's testimony that he cooperated with authorities because he "want[ed] to do what was right" and that he was not scared to go back to prison. Rickerman contends that the court's error in prohibiting the cross-examination as to immunity was not harmless because Braun's testimony was key to the State's case, and Rickerman's defense depended on attacking Braun's credibility.
¶ 5 The State responds that the circuit court properly limited cross-examination, and that, if the court erred, the error was harmless. We assume, without deciding, that the court erred by limiting the cross-examination. We conclude that the error, if any, was harmless.
¶ 6 A circuit court has discretion to limit cross-examination. See State v. Rhodes , 2011 WI 73, ¶ 22, 336 Wis. 2d 64, 799 N.W.2d 850. However, a court may not prohibit cross-examination that is necessary to satisfy the defendant's constitutional right to confrontation. Id. , ¶¶ 23-25. A circuit court's limit on cross-examination in violation of the defendant's right to confrontation does not automatically warrant reversal; rather, the error is subject to a harmless-error analysis. Id. , ¶ 32.
¶ 7 "The harmless error test ... is focused on 'whether, assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt.' " Id. , ¶ 33 (quoted source omitted). We consider "the importance of the witness's testimony, whether the testimony was cumulative, whether other evidence corroborated or contradicted the witness's testimony, the extent of the cross-examination allowed, and the overall strength of the prosecution's case against the defendant." Id.
¶ 8 Here, Rickerman was able to thoroughly challenge Braun's credibility on cross-examination without using the immunity evidence. Rickerman elicited on cross-examination that Braun had twenty-three prior convictions, had a history of heroin and marijuana use, had lied to authorities in connection with this case, had eventually cooperated with police in an attempt to obtain a more favorable outcome for himself-ultimately obtaining a plea agreement reducing his charge from reckless homicide to distributing a controlled substance, with his prison exposure reduced from forty years to twelve and a half years-and that Braun knew that testifying consistently with statements he gave to police would reduce his risk of being charged with perjury. While Braun's testimony was central to the State's case, and provided the only evidence directly linking Rickerman to the heroin that caused Neubauer's overdose, Rickerman was able to effectively challenge Braun's credibility by eliciting his bias and motivation to cooperate with authorities and to testify against Rickerman. Thus, we are confident that the outcome would not have been different had the court allowed Rickerman to cross-examine Braun as to the use immunity for his testimony at Rickerman's trial.
¶ 9 Next, Rickerman contends that the court erroneously exercised its discretion by admitting other acts evidence of Rickerman's prior possession and sale of heroin. Rickerman contends that the other acts evidence was improperly offered to show that Rickerman was a heroin dealer who acted in conformity with her prior bad acts by selling the heroin to Braun as alleged in this case. She argues that evidence that Rickerman was involved with heroin in other, unrelated incidents served only to prove Rickerman's bad character and that she acted in conformity with that character in this case. Rickerman also argues that the evidence was irrelevant because, she contends, whether she had prior involvement with heroin sheds no light on whether she sold the heroin to Braun in this case. Rickerman contends that any minimal probative value of the other acts evidence was substantially outweighed by the danger of the unfair prejudice arising from the jury speculating that Rickerman was likely to have sold the heroin in this case if she did so before; and by the possibility that the evidence might provoke the jury's instinct to punish Rickerman for her past acts. We are not persuaded.
¶ 10 Whether to admit other acts evidence is discretionary with the circuit court. State v. Sullivan , 216 Wis. 2d 768, 780, 576 N.W.2d 30 (1998). Other acts evidence is admissible if: (1) it is offered for an acceptable purpose; (2) it is relevant; and (3) its probative value is not substantially outweighed by the danger of unfair prejudice or other considerations. Id. at 772-73 ; see also WIS. STAT. § 904.04(2)(a)[1] .
¶ 11 Acceptable purposes for which other acts evidence may be offered include showing opportunity, intent, and knowledge. See WIS. STAT. § 904.04(2)(a) ; State v. Payano , 2009 WI 86, ¶ 63 n.12, 320 Wis. 2d 348, 768 N.W.2d 832. Here, the State offered the evidence that Rickerman previously sold heroin to show Rickerman's opportunity and intent to sell heroin and her knowledge as to what heroin is and that the substance she was delivering was heroin. The State offered the evidence that Rickerman had a police contact in which she dropped heroin in her possession in an attempt not to get caught with it to show that Rickerman had access to heroin and knows what heroin is. The court found that the other acts evidence was offered for the proper purposes identified by the State.
¶ 12 Rickerman contends, however, that this case is akin to State v. Spraggin , 77 Wis. 2d 89, 252 N.W.2d 94 (1977), in which our supreme court held that evidence that police found weapons and an allegedly stolen television in Spraggin's home was improper other acts evidence in Spraggin's trial for delivery of heroin. The court explained that the evidence that Spraggin possessed weapons and stolen goods was designed to show that Spraggin had a propensity toward criminal activity and was therefore guilty of delivering heroin in that case. Id. at 99-100. The court explained that the State had failed to show any specific connection between the weapons and stolen-goods evidence and the charge of delivery of heroin. Id. The court concluded: "The very purpose of the other-conduct rule is to exclude evidence which is relevant only for showing a disposition to commit a crime. The very purpose of the rule was violated here." Id. at 100. Spraggin is inapposite.
¶ 13 Unlike Spraggin , the other acts evidence in this case had a purpose other than to show Rickerman's disposition to engage in criminal conduct. The evidence of Rickerman's prior possession and sale of heroin served the proper purpose of showing Rickerman's opportunity to sell heroin and her knowledge that the substance she sold was heroin. Thus, the evidence was offered for a proper purpose under WIS. STAT. § 904.04(2)(a).
¶ 14 For the same reason, the evidence was relevant: Rickerman's prior possession and sale of heroin, showing her opportunity to sell heroin and her knowledge that the substance she delivered was heroin, made it more probable that Rickerman intentionally delivered the heroin as alleged in this case. See WIS. STAT. § 904.01 (evidence is relevant if it has any tendency to make a fact of consequence to the determination of the action more or less probable); State v. Patterson , 2010 WI 130, ¶ 17 n.10, 329 Wis. 2d 599, 790 N.W.2d 909 (stating the elements of first-degree reckless homicide by delivery of a controlled substance as "that the defendant delivered a controlled substance to the victim; that the victim used the substance that the defendant delivered; and that the defendant knew or believed that the substance was the controlled substance that was delivered.").
¶ 15 Finally, the circuit court properly weighed the probative value of the other acts evidence against the danger of unfair prejudice. The court determined that the other acts evidence was highly probative due to the similar nature of the prior acts and the current charge, and that the high probative value was not outweighed by the danger of unfair prejudice. We are not persuaded by Rickerman's assertion that evidence of Rickerman's prior possession and sale of heroin would have led the jury to believe that Rickerman must be guilty in this case or incited the jury's instinct to punish Rickerman for past offenses. Significantly, the court gave a cautionary instruction to the jury, warning jurors that they were to consider the evidence only for the permissible purposes, and not to conclude that Rickerman acted in conformity with a bad character. The cautionary instruction served to alleviate the danger of unfair prejudice. See State v. Gray , 225 Wis. 2d 39, 65, 590 N.W.2d 918 (1999). Accordingly, we conclude that the court properly exercised its discretion by admitting the evidence of Rickerman's prior involvement with heroin.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.