COURT OF APPEALS
DECISION
DATED AND FILED

March 31, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2025AP4**
**2025AP5**
**STATE OF WISCONSIN**

Cir. Ct. Nos. **2017CF3795**
**2018CF137**

**IN COURT OF APPEALS**
**DISTRICT I**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

    V.

JOHN ANTHONY JACKSON,

    DEFENDANT-APPELLANT.

APPEALS from an order of the circuit court for Milwaukee County: MICHELLE A. HAVAS, Judge. *Affirmed.*

Before White, C.J., Donald, and Geenen, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. In this consolidated appeal, John Anthony Jackson, pro se, appeals from the circuit court's denial of his WIS. STAT. § 974.06 (2023-

24)[1] motion for postconviction relief. Jackson contends that trial, postconviction, and appellate counsel were ineffective in various ways. For the reasons discussed below, we reject Jackson's arguments and affirm.

## BACKGROUND

¶2 Jackson was charged with seven different crimes relating to three children—Angela, Melanie, and Greta—in two separate complaints.[2] In Milwaukee County Circuit Court Case No. 2017CF3795, the State charged Jackson with five counts involving Angela: (1) child trafficking; (2) human trafficking done by causing or threatening to cause bodily harm; (3) second-degree sexual assault of a child who had not attained the age of sixteen years; (4) soliciting a child for prostitution; and (5) physical abuse of a child intentionally causing bodily harm. According to trial testimony, Angela was a fifteen-year-old runaway when she met Jackson online and moved in with him. Jackson gave her ecstasy and marijuana and they began a sexual relationship. Jackson told Angela that other girls had worked for him as prostitutes, including Melanie, and pushed her to do the same because he needed money.

¶3 Angela began working as a prostitute, giving Jackson most of her earnings. Jackson posted ads on Backpage and other sites advertising Angela for sex, took photos of her for the ads, had her walk the streets to pick up clients, screened potential clients, drove her to prostitution dates, and had her apply to dance at a club in order to find more clients. If Jackson felt Angela was not

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

[2] We use pseudonyms to refer to the victims in this case. *See* WIS. STAT. RULE 809.86.

making enough money for him, he would sometimes hit her, choke her, throw things at her, push her, and bar her from the house until she got more money. Angela witnessed Jackson attempt to recruit several of her friends to prostitute for him, including Greta. Her relationship and prostitution activity with Jackson occurred in 2016 and 2017.

¶4     In Milwaukee County Circuit Court Case No. 2018CF137, the State charged Jackson with two counts of child trafficking. The first count alleged that Jackson knowingly attempted to recruit Greta, a child, to perform a commercial sex act. The second count alleged that Jackson knowingly transported Melanie, a child, for the purpose of a commercial sex act. The circuit court joined this case with the other case against Jackson, and the same jury heard both cases.

¶5     Greta testified that she was a fifteen-year-old runaway when she met Jackson in November 2016. Greta was friends with Angela and stayed with her at Jackson's house for a few days. At Jackson's house, Greta was given pills and marijuana, and Jackson asked her to become part of his "team," which she understood to mean working as a prostitute. Greta declined and was picked up by her mother.

¶6     Melanie testified that she was fourteen years old when she met Jackson in the neighborhood where they both lived. They became friends and, in July of 2012, when she was still fourteen and had run away from home, Jackson let her use his computer to post a prostitution ad on Backpage and drove her to a prostitution date. At the location where the date was supposed to take place, both Melanie and Jackson were arrested in an undercover sting operation. At the time of her arrest in 2012, Melanie denied that Jackson was her pimp. However,

3

Melanie was reinterviewed in 2017 after detectives tied Melanie's case to Angela's case because they both involved Jackson.

¶7    The jury found Jackson guilty of all counts as charged.    In postconviction proceedings under WIS. STAT. RULE 809.30, the circuit court granted Jackson's motion to dismiss the child trafficking count concerning Melanie, but rejected his other claims.    On appeal, this court affirmed the convictions.    *See State v. Jackson*, Nos. 2021AP804-CR and 2021AP805-CR, unpublished slip op. (WI App Nov. 8, 2022).

¶8    In February 2024, Jackson, pro se, filed the current WIS. STAT. § 974.06 motion alleging that: (1) his trial counsel was ineffective for failing to object to joinder or move to sever his cases for trial; (2) his postconviction counsel was ineffective for not raising trial counsel's ineffectiveness; and (3) the admission of evidence related to the dismissed child trafficking count involving Melanie prejudiced him as to the child trafficking counts involving Angela and Greta, and his postconviction counsel therefore was ineffective for not moving for a new trial on the child trafficking counts relating to Angela and Greta.

¶9    The circuit court denied Jackson's WIS. STAT. § 974.06 motion without an evidentiary hearing.  The court determined that joinder was appropriate and that a motion to sever would have been denied if trial counsel made one, therefore trial counsel was not ineffective for failing to object to joinder or move to sever.  As to Jackson's claim that the inclusion of evidence related to the dismissed count prejudiced him with respect to the other child trafficking counts, the circuit court determined that it had previously decided this issue when it addressed his prior postconviction motion.  Therefore, it concluded that this claim was barred by *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct.

App. 1991) ("A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue.").[3]

## LEGAL STANDARDS

¶10 We review the circuit court's decision denying Jackson's postconviction motion without a hearing under a mixed standard of review. *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. We determine de novo "whether the motion on its face alleges sufficient material facts that, if true, would entitle the defendant to relief." *Id.* "[I]f the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing." *Id.* The circuit court's decision to deny an insufficiently pleaded motion is reviewed "under the deferential erroneous exercise of discretion standard." *Id.*

¶11 For an ineffective assistance of counsel claim to be successful, a defendant must demonstrate both that: (1) counsel's representation was deficient; and (2) the deficiency was prejudicial. *State v. Ruffin*, 2022 WI 34, ¶29, 401 Wis. 2d 619, 974 N.W.2d 432. Both prongs of the inquiry need not be addressed if the defendant makes an insufficient showing on one. *Id.*

---

[3] Jackson's motion also contained several references to the ineffectiveness of "appellate counsel." The circuit court noted that any such claim was not properly before it pursuant to *State v. Knight*, 168 Wis. 2d 509, 512-13, 484 N.W.2d 540 (1992).

**DISCUSSION**

¶12    Jackson seeks postconviction relief on two grounds. First, he argues that his trial counsel was ineffective for not objecting to joinder or moving to sever his cases for trial, and that postconviction counsel was ineffective for not raising trial counsel's ineffectiveness. Second, he argues that postconviction counsel was ineffective for not moving for a new trial on the child trafficking counts involving Angela and Greta after the child trafficking count involving Melanie was dismissed.

*Joinder/Severance*

¶13    In his motion, Jackson contended that joinder of his cases was improper, and that trial counsel was ineffective for not objecting to it and for not moving to sever after the cases were erroneously joined. He argued that the offense concerning Melanie was not connected to those involving Angela and Greta and that the evidence presented as to Melanie served only to prejudice him with respect to the other charges. The circuit court determined that joinder was appropriate, adopting the relevant portion of the State's response to Jackson's WIS. STAT. § 974.06 motion along with its joinder motion as its decision on this issue.

¶14    We agree with the circuit court that Jackson's cases were properly joined, so trial counsel was not ineffective in failing to oppose joinder or move to sever. WISCONSIN STAT. § 971.12 authorizes the joinder of two or more cases for a single trial if the crimes are: (1) "of the same or similar character"; (2) "based on the same act or transaction"; or (3) based on "2 or more acts or transactions connected together or constituting parts of a common scheme or plan." Sec. 971.12(1), (4). Courts construe § 971.12 broadly in favor of joinder to further

6

the goals of judicial efficiency, convenience and economy. *State v. Salinas*, 2016 WI 44, ¶36, 369 Wis. 2d 9, 879 N.W.2d 609. Here, the cases were properly joined because the charged offenses are the same or of similar character, have shared facts, and together constitute Jackson's common scheme or plan to recruit and sexually exploit vulnerable teenage girls for his own financial benefit. All charges relate to sex trafficking, the time periods involving some of the crimes overlap, and all occurred during a span of approximately four years. The victims were all minors of similar age and were runaways when the crimes were committed. Jackson assisted both Angela and Melanie in posting ads on Backpage and transported them to prostitution dates. The evidence in the cases also overlaps, as Angela and Greta were friends and witnesses to the charges involving each other, and although Angela and Melanie did not know each other, Angela testified about Jackson's statements to her regarding Melanie making money for him by engaging in prostitution. Further, the same law enforcement officials investigated the crimes involving Angela and Greta.

¶15     Joinder was also appropriate because evidence of each victim would be admissible as "other acts" evidence in both cases had they been tried separately. *See State v. Hoffman*, 106 Wis. 2d 185, 210, 316 N.W.2d 143 (Ct. App. 1982) (stating that prejudice from joinder is minimized where evidence from each case would be admissible in separate trials as "other acts" evidence). For evidence of "other acts" to be admissible under WIS. STAT. § 904.04(2), it must be: (1) offered for an acceptable purpose, such as establishing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident; (2) relevant, considering the two facets of relevance set forth in WIS. STAT. § 904.01; and (3) more probative than prejudicial pursuant to WIS. STAT. § 904.03. *State v. Sullivan*, 216 Wis. 2d 768, 772-73, 576 N.W.2d 30 (1998).

¶16 Beginning with the first element, the evidence related to each victim was admissible for a proper purpose, including Jackson's motive, intent, and modus operandi. For each victim, Jackson was motivated by financial gain and he sexually exploited, or attempted to sexually exploit, the victim for that purpose. *See State v. Gray*, 225 Wis. 2d 39, 55, 590 N.W.2d 918 (1999) (asserting that motive in an earlier crime can show a common cause for both the earlier and a later crime). Evidence of each victim's trafficking or attempted trafficking is also evidence of Jackson's intent to engage in child trafficking and of his modus operandi—targeting vulnerable, runaway teenage girls, providing them with drugs, helping them set up prostitution dates via Backpage, and transporting them to dates.

¶17 Evidence related to each victim also satisfies the relevance requirement. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. WIS. STAT. § 904.01. Given the similarity of Jackson's conduct relating to each victim, the overlapping evidence, and the similarity of the charges, this evidence makes consequential facts more or less probable than they otherwise would be. *See Gray*, 225 Wis. 2d at 58 (stating that the measure of probative value in assessing relevance is the similarity between the charged offense and the other act).

¶18 Regarding the third element, the probative value of the evidence substantially outweighs the danger of unfair prejudice to Jackson. Unfair prejudice results when the evidence "has a tendency to influence the outcome of the case by improper means" or "causes a jury to base its decision on something other than the established propositions in the case." *State v. Veach*, 2002 WI 110, ¶87, 255 Wis. 2d 390, 648 N.W.2d 447 (quoting *State v. Davidson*, 2000 WI 91,

¶73, 236 Wis. 2d 537, 613 N.W.2d 606). The other acts evidence here is not improper—instead it is highly relevant and arises from similar offenses and Jackson's repeated pattern of behavior. *See Sullivan*, 216 Wis. 2d at 786-87 (stating that similar, repeated behavior is highly probative, making a strong case for admission). Moreover, the court mitigated the danger of unfair prejudice by instructing the jury to "make a finding as to each count, … [to] consider each one separately," and to not allow its verdict "in one count … [to] affect [its] verdict on any other count." *See State v. Bell*, 2025 WI App 75, ¶¶43-44, 419 Wis. 2d 261, 30 N.W.3d 456 (limiting jury instructions tailored to the facts of the case mitigate the risk of unfair prejudice). In sum, joinder was appropriate because the cases were connected and because the evidence related to any individual victim would have been admissible as other acts evidence in a separate trial concerning any other victim. Because we determine that Jackson's cases were properly joined for trial, we also conclude that trial counsel was not ineffective for failing to move to sever. Since trial counsel was not ineffective in failing to object to joinder or move to sever, we also reject Jackson's argument that postconviction counsel was ineffective for failing to raise trial counsel's ineffectiveness on this issue.

*Child Trafficking Counts*

¶19 Jackson's second claim is that postconviction counsel was ineffective for failing to move for a new trial on the child trafficking counts involving Angela and Greta after the dismissal of the child trafficking count involving Melanie. Jackson argued that evidence related to the dismissed child trafficking count prejudiced his right to a fair trial on the child trafficking counts concerning Angela and Greta. The circuit court denied this claim pursuant to *Witkowski* because it had previously decided this issue in its denial of Jackson's first postconviction motion, when it determined: "the evidence presented in

regards to the vacated count does not create an issue of prejudicial error as to the other counts because the evidence of that offense would have been admissible as other acts evidence in any event."

¶20     Jackson attempted to reframe this issue as the circuit court's failure to engage in an analysis pursuant to *State v. McGuire*, 204 Wis. 2d 372, 556 N.W.2d 111 (Ct. App. 1996), but *McGuire* is inapposite because it did not address evidence admissible as "other acts," and in any event, did not find any prejudice to the defendant where the evidence from the vacated count would have been otherwise admissible. *Id.* at 380-83. We agree that Jackson is procedurally barred from relitigating this issue. *See Witkowski*, 163 Wis. 2d at 990. Accordingly, we affirm the circuit court's decision denying this claim as barred by *Witkowski*.

¶21     Finally, Jackson's motion and appellate brief contain several references to the ineffectiveness of "appellate counsel," and he criticizes the claims his appellate counsel brought on appeal. To the extent that he is asserting a claim of ineffective assistance of appellate counsel, that claim was properly denied by the circuit court because such claims must be brought through a habeas corpus petition filed with this court. *See Knight*, 168 Wis. 2d at 512-13.

¶22     For the foregoing reasons, we affirm the circuit court's order denying Jacksons WIS. STAT. § 974.06 motion.

        *By the Court.*—Order affirmed.

        This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

10